UNITED STATES of America

v.

David Bruce LEMBER, Jr.
Crim. A. No. 104–70–N.

United States District Court,
E. D. Virginia,
Norfolk Division.

Dec. 2, 1970.

James A. Oast, Jr., Asst.U. S. Atty.,
Norfolk, Va., for plaintiff.

John K. Moore, Virginia Beach, Va.,
for defendant.

WALTER E. HOFFMAN, Chief
Judge.

MEMORANDUM

ORDER

In a two-count indictment[1] defendant is charged under the first count that, on or about February 25, 1970, at Virginia Beach, Virginia, in the Eastern District of Virginia, he "did unlawfully, knowingly, wilfully and feloniously, with intent to defraud the United States of America, smuggle and clandestinely introduce into the United States approximately 1226 grams of marihuana, which should have been invoiced" in violation of 21 U.S.C.A. § 176a.

■ The jury being unable to agree as to the guilt or innocence on the smuggling count,[2] a mistrial was declared but the court directed that briefs be prepared on the issue raised by the court *sua sponte* as to whether the prosecution could proceed in the Eastern District of Virginia, or whether such prosecution should have been in the Northern District of California. This question was injected into the trial as a part of defendant's motion for a judgment of acquittal and may properly be considered by the court after discharge of the jury. Fed.R.Crim.P. 29(c).

The facts adduced in evidence are that on January 13, 1970, a United States Customs opener-verifier-packer, Dewey Dellinger, while making a routine check in accordance with his duties at San Francisco Airport, opened a package mailed from Vietnam on January 7, 1970, addressed to Mrs. Cindy Lember (wife of defendant), Box 3033–B, Virginia Beach, Virginia 23457, said package bearing a return address of Sgt. R. J. Williams 239–42–1076, ATRP 7/1 St. A. C., APO, San Francisco, California 96357. Official Army records reflect that there was no Sgt. Williams with this serial number in the armed forces of the United States at this time. The package indicated the contents as "clothes." Upon opening the package, a plastic "Jerry" can was found wrapped in clear plastic with an Army blanket around the entire package. A grassy substance in the can, as observed by Dellinger, was later determined to be marihuana. The package was then sent to the, office of the Postmaster General, Washington, D. C., where it was received by Inspector Hall on January 23, 1970. Due to the pressure of work, the package remained in a sealed pouch until February 24, 1970, when it was removed from the pouch and taken to Virginia Beach by Inspector Hall. There the package was opened in the presence of a Customs Office Special Agent and a field test was conducted to verify the contents.

The following day the package was unsealed and placed in the custody of a postal carrier at Virginia Beach. It was delivered to the address shown on the package which, incidentally, was the residence of the father and mother of defendant's wife. Surveillance of the house was conducted until late afternoon, with the evidence showing that defendant was at work when the package arrived and at all times thereafter until the package was seized. No one left the house with the package in possession. Armed with a search warrant, the officers entered the house and seized the package, intact and unopened.

Defendant's service records indicate that he returned to the United States from Vietnam on December 15, 1969 (before the package was mailed) and was mustered out of the Army on the

---

1. The second count charged defendant with being a transferee of marihuana required to pay the tax imposed by § 4741(a), Title 26 U.S.C., who did acquire, obtain, transport, conceal and facilitate the transportation and concealment of 1226 grams of marihuana, without having paid such tax. On the day of trial the second count was dismissed on the joint motion of the prosecution and defense. Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969).

2. In order to reach the jury the court adopted the Government's theory that smuggling was a continuing offense where the article is sent through the mail.

following day. The defendant's latent fingerprint was found on the outside of the package. Since the defendant never had access to the package after it arrived in San Francisco, it is a foregone conclusion that the defendant's fingerprint was placed on the package at Vietnam. This fact, coupled with the name and address on the package, constitutes ample evidence to go to the jury on the issue as to whether the defendant caused or aided in the shipment of the package and its contents. Moreover, the wife had remained at the address until defendant returned from Vietnam, and the defendant's service record showed this temporary address of his wife. At the time the package arrived, defendant and his wife were in the process of moving into an apartment in Norfolk.

The Government argues that the act of smuggling, by its very nature, is a continuing offense. The authorities cited[3] discuss "continuing offenses" but only as concerned with the use of the mails, with reference to 18 U.S.C. § 3237, which permits flexibility in crimes involving the use of the mails.

█ In the instant case the defendant has not been charged with illegally using the mails to facilitate a crime. The specific act charged is smuggling. In our opinion the crime of smuggling was complete when the package arrived ashore and was opened at the San Francisco Airport. This is not to say that an indictment could not have been returned charging the defendant with "facilitating the transportation or concealment of marihuana after being imported or brought into the United States, knowing the same to have been imported or brought in contrary to law." United States v. Merrell, 73 F.2d 49 (2 Cir. 1934); Gillespie v. United States, 13 F. 2d 736 (2 Cir. 1926). The naked fact is that he was not so charged. Thus, we do not reach the question touching the criminal responsibility of a defendant who causes a package to be addressed to Virginia Beach, Virginia, while in Vietnam.

In Keck v. United States, 172 U.S. 434, 19 S.Ct. 254, 43 L.Ed. 505 (1899), the Supreme Court considered a predecessor statute on smuggling or clandestinely introducing into the United States diamonds which should have been invoiced and duty paid thereon. The facts presented in *Keck* are the converse to what we have in this case. By a divided court it was held that, despite the fact that the vessel was at the dock, the offense of smuggling or clandestinely introducing diamonds into the United States did not become an offense until the diamonds were on shore and there arose an obligation to make entry and pay the duty thereon. Whatever may be the vitality of this ruling under existing statutes, the entire court in *Keck* agreed that the offense of smuggling or clandestinely introducing into the United States was undoubtedly completed when the goods arrived at the port of entry which, in the present case, was San Francisco. As the majority stated (172 U.S. 454, 19 S.Ct. 261):

"[I]t becomes manifest that the statute of 1842 was not intended to make smuggling embrace each or all of the acts theretofore prohibited which could precede *or which might follow smuggling * * ** that is, the statute was intended not to merge into one and the same offence all the many acts which had been previously classified and punished by different penalties, but to legislate against the overt act of smuggling itself. And this view makes clear why it was that the statute of 1842 related not generally to acts which precede smuggling, *or which might follow it*, but to the concrete offence of smuggling, alone." (Emphasis supplied.)

3. United States v. Sorce, 308 F.2d 299 (4 Cir. 1962); United States v. Johnson, 323 U.S. 273, 65 S.Ct. 249, 89 L.Ed. 236 (1944); United States v. Malfi, 264 F. 2d 147 (3 Cir. 1959); Stoppelli v. United States, 183 F.2d 391 (9 Cir. 1950).

The later case of United States v. Ritterman, 273 U.S. 261, 47 S.Ct. 371, 71 L.Ed. 636 (1927) distinguishes *Keck* in some respects but, with respect to the completion of the crime of smuggling, says (p. 268, 47 S.Ct. p. 372):

> "If they [the diamonds] had been carried across the boundary in such a way as to avoid a port of entry, we suppose that the offence of smuggling would have been complete when they passed the line, although the smuggler might repent and afterwards report for payment of duties."

The "continuing offense" statute, 18 U.S.C. § 3237, specifying that any offense involving transportation in interstate or foreign commerce is a continuing offense and may be prosecuted in any district from, through, or into which such commerce or mail matter moves, might fit an appropriate case under a different set of facts, but it cannot be applied to the completed offense of smuggling in San Francisco, the port of entry.

There are cases in which venue has been waived where the defendant has gone to trial without raising the question. True, it was not raised in this case until the prosecution's evidence had been substantially completed. It was raised, however, on the motion for a judgment of acquittal. We need not decide the question as to whether the waiver was complete as the jury disagreed and a mistrial was declared. Presumably the defendant may raise this issue in the event the case is retried in the Eastern District of Virginia.

Since the Constitution and Rule 18, Federal Rules of Criminal Procedure, each provide for a trial in the district in which the offense was committed, the court must conclude that, under the indictment returned in this case, the proper venue as to the charge stated therein was the Northern District of California.

The renewed motion for judgment of acquittal as to the charge as stated in the indictment having been committed within the Eastern District of Virginia will be sustained. No comment is made with respect to any further prosecution in this or any other district.

It is so ordered.