**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**William H. DOYLE, Defendant-Appellant.**

**No. 71-2697.**

United States Court of Appeals,
Fifth Circuit.

March 16, 1972.

---

James R. Gillespie, San Antonio, Tex., (Court appointed), for defendant-appellant.

William S. Sessions, U. S. Atty., Reese L. Harrison, Jr., Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

William H. Doyle was tried by a jury and convicted of possessing "depressant or stimulant drugs" for the purpose of sale in violation of 21 U.S.C. § 331(q) (3) (A) and possessing "depressant or stimulant drugs" without a prescription, in violation of 21 U.S.C. § 331(q) (3)

(B). After an indictment was returned he moved to suppress evidence seized on his premises by federal narcotics agents without a warrant and the motion was denied. The only issue raised on appeal is the validity of the search and seizure. We affirm.

In pertinent part the record discloses that Doyle had been under investigation for several months prior to his arrest. The narcotics agents received information from an informant that Doyle was in possession of prohibited drugs which had been stolen from a burglarized pharmaceutical company. The informer furnished the agents with a sample of the stolen drugs and upon analysis it was established that the drugs had in fact been stolen from the burglarized company. The informant also advised that Doyle had purchased a carbine rifle from a certain hardware store, and a check of the records confirmed the sale to Doyle. The agents were further advised by the informer of the other alleged criminal activities on the part of Doyle.

Shortly after midnight on February 18, 1970 the informer advised the agents that a stash of prohibited drugs had been placed by Doyle in the garage at Doyle's house and that he had seen Doyle place them there. The officers who were maintaining a constant surveillance of Doyle's house had seen a man leave the Doyle house and go to the garage only an hour or so earlier. That man was identified as Doyle by the informer. The informer then told the agents that Doyle and those working with him realized that "the heat was on," and that they were planning to leave immediately for another city. There were three part-time U. S. Commissioners in San Antonio. However, the officers stated that it would require at least 20 minutes to reach the office of a Commissioner and an additional hour or more to obtain a search warrant. The agents contacted an Assistant United States Attorney who advised the agents to enter the house and make a search.

**1248**

The agents knocked on the door of the house and disclosed their identity.[1] Immediately after the officers disclosed their identity they heard people moving about inside and someone yelled, "It's the heat. It's the heat." The occupants did not open the door and the officers entered with force. Doyle and a female companion were found locked inside a bathroom. As the officers entered the bathroom, the commode was in the final stages of a flush cycle. The officers found the narcotics in the garage in which they had seen a person enter an hour or two earlier that night, which person had been identified as Doyle by the informer.

In our judgment the record amply supports the conclusion that the search was incident to a valid arrest. The officers observed the crime of illegal possession of drugs being committed in their presence. In addition, they had been fully informed of the criminal activities of Doyle, including his possession of prohibited drugs, on the very night of the seizure. The information furnished by the informant had proved to be remarkably correct and accurate after thorough checking and investigation and according to the actual observations of the officers. There was strong reason to believe that Doyle was about to make his departure during the darkness of night. Any substantial delay at this very critical time of the night under existing exigent circumstances would have very likely resulted in the destruction of evidence and the departure of Doyle. Considering the totality of the circumstances, we believe the search and seizure was reasonable and proper. The officers were clearly justified in searching the very place where they knew the drugs were located—the garage. It would be wholly unreasonable to say under the facts presented in this case that the officers should have abandoned known contraband to go and seek a warrant. *See* United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 273

(1971); United States v. Knight, 451 F.2d 275 (5th Cir. 1971); United States v. Manning, 448 F.2d 992 (2d Cir. 1971) [En Banc]; United States v. Squella-Avendano, 447 F.2d 575 (5th Cir. 1971); United States v. Esters, 336 F.Supp. 214 (E.D.Mich. 1972). *See also* United States v. Brookins, 434 F.2d 41 (5th Cir. 1970); United States v. Johnson, 456 F.2d 295 (5th Cir. 1972).

Affirmed.

---

1. The officers indicated that they had a search warrant but they, in fact, had no warrant.