**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Robert Alan MOLER and Calvin Edward**
**Titus, Jr., Defendants-Appellants.**

**No. 71-2959.**

United States Court of Appeals,
Ninth Circuit.

May 18, 1972.

Michael H. Metzger (argued) of Hallinan, Rice, Metzger, & Hallinan, San Francisco, Cal., for appellants.

James L. Hazard, Asst. U. S. Atty. (argued) F. Steele Langford, Asst. U. S. Atty., James L. Browning, Jr., U. S. Atty., San Francisco, Cal., for appellee.

Before CHAMBERS and ELY, Circuit Judges, and TAYLOR,* District Judge.

PER CURIAM:

In a three count Indictment filed on June 30, 1971, the appellants were charged in count one thereof with having knowingly and intentionally imported three and one-half pounds (3½) of marijuana into the United States on May 27, 1971, in violation of 21 U.S.C. § 952(a), and in count two with having possessed, with intent to distribute, the same marijuana in violation of 21 U.S.C. § 812(c). The third count of the Indictment was dismissed on motion of the Government. Both appellants were found guilty and sentenced on each of the two counts. This appeal followed.

Although several issues have been presented on this appeal, we believe it is only necessary to consider one of them, i. e., whether the court properly denied appellants' motion for judgment of acquittal at the close of the entire case.

 After carefully reviewing the record of the evidence in this case, viewed in the light most favorable to the government, we are of the opinion that there was not sufficient competent evidence to convict the appellants, or either of them, of the offenses with which they were charged. The essential element of the offense charged in count one is that the appellants imported or caused to be imported the marijuana which was mailed to one John Peaters, c/o Family For Skin, 27 Miller Avenue, Mill Valley, California. There is no competent evidence in the record which proves this essential element. Even though a person may have possession of marijuana which is of foreign origin, this is not sufficient in and of itself to prove this essential element.

The essential element which the government was required to prove as to count two of the Indictment was whether the appellants, or either of them, had possession of the package of marijuana in question with the intent to distribute its contents. We find no competent evidence in the record which proves or tends to prove that either of the appellants knew the contents of the parcel or that they, or either of them, intended to distribute its contents.

It is incumbent on the trial court to grant a motion for a judgment of acquittal when the evidence, viewed in the light most favorable to the government, is insufficient to sustain a conviction. Rule 29(a) F.R.Cr.P.; Cephus v. United States, 117 U.S.App.D.C. 15, 324 F.2d 893 (1963); Cf. Sullivan v. United States, 414 F.2d 714 (9 Cir. 1969).

We conclude that in light of the evidence in this case, the trial court should have granted the motion for a judgment of acquittal made by appellants at the close of the entire case.

Reversed and remanded with instructions to dismiss the Indictment.

---

* Honorable Fred M. Taylor, Senior United States District Judge, District of Idaho, sitting by designation.