**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Hector Chavarria GUAJARDO, Juan Chapa, Jr., Refugio Martinez Ortiz, and Victor Martinez Ortiz, Defendants-Appellants.**

**No. 74–3149
Summary Calendar.\***

United States Court of Appeals, Fifth Circuit.

Feb. 28, 1975.

Rehearing and Rehearing En Banc Denied April 7, 1975.

---

\* Rule 18, 15th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Homero M. Lopez, Brownsville, Tex., Pete Tijerina, Warren N. Weir, San Antonio, Tex., for defendants-appellants.

Anthony J. P. Farris, U. S. Atty., James R. Gough, Jr., Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Appellants, Hector Guajardo, Juan Chapa, Jr., Refugio Ortiz and Victor Ortiz, Jr., were charged in a four count indictment with (1) conspiring to import marijuana into the United States in violation of 21 U.S.C. §§ 963 and 952(a); (2) importing two thousand three hundred thirty-six (2,336) pounds of marijuana into the United States in violation of 21 U.S.C. § 952(a); (3) conspiring to possess marijuana with intent to distribute it in violation of 21 U.S.C. §§ 846 and 841(a)(1); (4) possessing two thousand three hundred thirty-six (2,336) pounds of marijuana with intent to distribute it in violation of 21 U.S.C. § 841(a)(1). Following a jury trial Guajardo was convicted on all counts while the other three defendants were convicted only on count one. The appellants contend that their motions for judgment of acquittal and arrest of judgment should have been granted. As the basis for this contention they assert that (1) there was insufficient proof of count one—conspiracy to import, (2) the evidence was insufficient to support the verdict, and (3) the warrantless search yielding the marijuana was illegal and the motion to suppress was erroneously denied. It is also asserted that it was patently inconsistent for the jury to convict three of the appellants on count one while acquitting them on counts two, three and four. We find no merit in any of the errors specified and affirm.

On February 14, 1974 George H. Murray, a special agent with the Drug Enforcement Administration (DEA), received information from a reliable source that a narcotics shipment was bound for the Abrams, Texas area and was expected to arrive during the early morning hours of February 15, 1974. The informant indicated that the narcotics shipment was to be loaded into a forty-foot trailer, concealed under some produce, and transported away from the border area. On February 14, 1974 Murray

went to Abrams and observed a truck and trailer parked approximately one and one-half miles from the Rio Grande. The rear of the trailer was to the south, facing an empty field. Acting on the informant's tip and on his investigation of the area, Murray and four other DEA agents began a surveillance of the truck at about 11:00 p. m. on February 14, 1974. At approximately 1:00 a. m. on February 15th Murray observed thirty-six men coming over the river side of the Rio Grande levee. The men, each carrying a burlap bag, proceeded in small groups to the trailer and deposited their sacks. At approximately 2:20 a. m. a man began to drive the truck away. At this point the agents stopped the truck, identified the driver as Guajardo, and apprehended three men fleeing the area. The three men were Juan Chapa, Jr., Refugio and Victor Ortiz. The trailer was searched and confiscated. The defense stipulated that the substance found in the trailer was marijuana. Agent Murray testified that Chapa and Victor Ortiz, Jr., admitted to him that they were hired to load the marijuana. Guajardo testified that he was planning to deliver the marijuana to Chicago. These admissions were made after complete warnings were given as required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

The linchpin of appellants' first argument is that the conspiracy to import marijuana ended when the substance crossed the border and that overt actions taken subsequent to that time, for example loading the truck, were improperly admitted to prove the conspiracy. Such a position misconceives the elements of a conspiracy charge. The essential elements of a conspiracy are an agreement by two or more persons to combine their efforts for an illegal purpose and an overt act by one person in furtherance of the agreement. United States v. Perez, 489 F.2d 51, 61 (5th Cir. 1973); United States v. Warner, 441 F.2d 821, 830 (5th Cir. 1971). Loading the truck was an act integral to the con-

summation of the conspiratorial agreement to remove the contraband from the border area to Chicago. The agreement did not automatically terminate upon crossing the border. The cases cited by appellants to support their position inappositely involve substantive charges of smuggling. See, e. g., United States v. Lember, 319 F.Supp. 249 (E.D.Va.1970). Also militating against appellants' position is the intimation in United States v. Peterson, 488 F.2d 645, 650 (5th Cir. 1974) that acts occurring subsequent to the consummation of a conspiracy may sustain a jury's guilty verdict if they support the inference that the defendant preordained the conspiratorial activities of a co-conspirator.

Contrary to the appellants' second assertion, the evidence clearly supports the jury's inference that the appellants had entered into a conspiracy to import marijuana. The truck and trailer were located approximately 200 yards from the levee along the river. Thirty-six men were seen carrying burlap bags to the truck in the middle of the night. Guajardo testified that he was to deliver the marijuana to Chicago. Chapa and the Ortiz brothers, in wet and muddy trousers, attempted to leave the scene when the agents stopped the truck. Without further recount of the record it is appropriate to conclude that the evidence clearly indicates that " . . . a reasonably-minded jury could accept the relevant evidence as adequate and sufficient to support the conclusion of the defendant's guilt beyond a reasonable doubt." United States v. Warner, 441 F.2d 821, 825 (5th Cir. 1971).

The appellants further contend that their conviction on count one is inconsistent with their acquittal on the other three counts. We fail to see the inconsistency. Guajardo was convicted on four counts. The elements of count one are an illegal agreement plus an overt act by one person in furtherance of that agreement. Guajardo testified to his activities in furtherance of the plan to import marijuana. While the jury ap-

parently felt unable to convict Chapa and the Ortiz brothers for the substantive offenses on the basis of their activities and presence in or near the trailer, there is nothing unreasonable in the jury's inference that they were in fact participants in the illegal agreement to import marijuana. United States v. Fiorella, 468 F.2d 688, 690 (2d Cir. 1972). Stated another way, the elements of the four charges, respectively, were different and it was not inconsistent for the jury to convict on count one and acquit as to the other three counts. Such a result comports with the general rule that acquittal on a substantive count does not prevent conviction of conspiracy. United States v. Fassoulis, 445 F.2d 13, 18 (2d Cir. 1971); Pinkerton v. United States, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489, 1494 (1946). In any event, consistency in the verdict is not necessary. Dunn v. United States, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356, 358 (1932).

The appellants' motion to suppress was also properly denied. The DEA agents did not have probable cause to search the trailer until they had corroborated the informant's tip by their own observations. United States v. Summerville, 477 F.2d 393, 395 (5th Cir. 1973). However, when the search and seizure occurred the officers did have probable cause to make the search. Moreover, exigent circumstances and the character of the criminal activity which involved the use of a vehicle at the border, sanctioned immediate action. Cooper v. California, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967); Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, 549 (1925); United States v. Warner, 441 F.2d 821, 832–833 (5th Cir. 1971). Any delay would have likely resulted in the loss of the evidence and the departure of appellants. United States v. Doyle, 456 F.2d 1246, 1248 (5th Cir. 1973).

Affirmed.