Ronald E. Dusek, Jacksonville, Fla., for defendant-appellee.

**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Carlton Errol GODWIN, Defendant-Appellee.**

**No. 76–1656.**

United States Court of Appeals, Fifth Circuit.

Jan. 28, 1977.

Before COLEMAN, AINSWORTH and INGRAHAM, Circuit Judges.

INGRAHAM, Circuit Judge:

We are asked to construe a statute which was superseded over six years ago in order that the United States may prosecute defendant-appellee Godwin for an offense committed over eight years ago. The single issue before us is the dismissal of the indictment by the district court on the grounds of improper venue. We REVERSE.

The government alleged that on June 24, 1968, Godwin mailed a package containing seven pounds of marijuana from Vietnam to a Jacksonville, Florida addressee. The contraband arrived at San Francisco, the port of entry,[1] on June 26, 1968. Customs agents inspected the package and upon discovery of its contents transferred custody to postal authorities, who made a controlled delivery to the Jacksonville address on November 14, 1968. The house was searched under a warrant and the package was seized. Appellee was indicted in the Middle

---

1. We were advised by the government during oral argument that San Francisco was the port of entry for all packages mailed from Vietnam.

District of Florida on September 15, 1971, for violation of 21 U.S.C. § 176a.[2] The one-count indictment charged that appellee "did smuggle and clandestinely introduce into the United States approximately seven pounds of marihuana, which should have been invoiced." Although an arrest warrant issued shortly afterward, Godwin was not apprehended until July 12, 1975 in Guam.

Appellee argues that the gravamen of the offense charged is smuggling, which crime was complete in San Francisco. The authority he urges most strenuously, and adopted by the district court, is *United States v. Lember,* 319 F.Supp. 249 (E.D.Va. 1970). In *Lember* the government claimed unsuccessfully that under 18 U.S.C. § 3237,[3] transportation in foreign and interstate commerce and use of the mails rendered defendant's alleged violation of 21 U.S.C. § 176a a continuing offense. The *Lember* court rejected this argument:

> * * * The authorities cited discuss "continuing offenses" but only as concerned with the use of the mails, with reference to 18 U.S.C. § 3237, which per-

mits flexibility in crimes involving the use of the mails.

In the instant case the defendant has not been charged with illegally using the mails to facilitate a crime. The specific act charged is smuggling. In our opinion the crime of smuggling was complete when the package arrived ashore and was opened at the San Francisco Airport. This is not to say that an indictment could not have been returned charging the defendant with "facilitating the transportation or concealment of marihuana after being imported or brought into the United States, knowing the same to have been imported or brought in contrary to law." *United States v. Merrell,* 73 F.2d 49 (2 Cir. 1934); *Gillespie v. United States,* 13 F.2d 736 (2 Cir. 1926). The naked fact is that he was not so charged. 319 F.Supp. at 251.

We decline the invitation to anoint *Lember* as the rule of this circuit. Instead, we think the reasoning of *United States v. Jackson,* 482 F.2d 1167 (10th Cir. 1973), *cert. denied,* 414 U.S. 1159, 94 S.Ct. 918, 39 L.Ed.2d 111 (1974), is persuasive. *Jackson* concededly involved a violation of a different statute, 21 U.S.C. § 952.[4] However,

2. 21 U.S.C. § 176a provided in pertinent part:
 Notwithstanding any other provision of law, whoever, knowingly, with intent to defraud the United States, imports or brings into the United States marihuana contrary to law, or smuggles or clandestinely introduces into the United States marihuana which should have been invoiced, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such marihuana after being imported or brought in, knowing the same to have been imported or brought into the United States contrary to law, or whoever conspires to do any of the foregoing acts, shall be imprisoned not less than five or more than twenty years and, in addition, may be fined not more than $20,000. For a second or subsequent offense (as determined under section 7237(c) of the Internal Revenue Code of 1954), the offender shall be imprisoned for not less than ten or more than forty years and, in addition, may be fined not more than $20,000.
 Section 176a was repealed on October 27, 1970 by Pub.L. 91–513, Title III, § 1101(a).

3. 18 U.S.C. § 3237 provides in pertinent part:
 (a) Except as otherwise provided by enactment of Congress, any offense against the United States begun in one dis-

trict and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.
 Any offense involving the use of the mails, or transportation in interstate or foreign commerce, is a continuing offense and, except as otherwise expressly provided by enactment of Congress, may be inquired of and prosecuted in any district from, through, or into which such commerce or mail matter moves.

4. 21 U.S.C. § 952 provides in pertinent part:
 (a) It shall be unlawful to import into the customs territory of the United States from any place outside thereof (but within the United States), or to import into the United States from any place outside thereof, any controlled substance in schedule I or II of subchapter I of this chapter, or any narcotic drug in schedule III, IV, or V of subchapter I of this chapter, except that—
 (1) such amounts of crude opium and coca leaves as the Attorney General finds to be necessary to provide for medical, scientific, or other legitimate purposes, and
 (2) such amounts of any controlled substance in schedule I or II or any narcotic drug in schedule III, IV, or V that the Attorney

§ 176a and § 952 are similar in that neither expressly fixes venue but both prohibit certain importation. The *Jackson* court stated:

> Section 952(a) prohibits importation of heroin into the United States from any place outside thereof. The statute does not necessarily pertain to any particular locality such as the place of entry, for it prohibits importation anywhere in the United States. Appellants charge, however, the offense was completed the moment the smuggling attempt was discovered in California and thus does not continue to the smuggling attempt's destination point in Colorado. Admittedly a crime was committed the moment the heroin package entered the United States, but discovery of the crime in California did not exhaust it. *See United States v. Kissel*, 218 U.S. 601, 31 S.Ct. 124, 54 L.Ed. 1168 (1910). The illicit scheme originated in Thailand and from there it extended to Lowry Air Force Base, Colorado. During the illicit venture the heroin was discovered in California but certainly the crime was not completed there. It was a continuous crime which received no finality until the package arrived at Lowry Air Force Base. Since an offense committed in more than one district "may be inquired of and prosecuted in any district in which such offense was . . . continued," 18 U.S.C. § 3237, venue for § 952(a) lies in any district used by appellants to complete their crime. *See United States v. Cores*, 356 U.S. 405, 78 S.Ct. 875, 2 L.Ed.2d 873 (1958). We therefore reject *United States v. Lember, supra,* in all respects inconsistent with our holding herein.

482 F.2d at 1178.

Appellee argues that *Jackson* included a conspiracy charge and is therefore inapposite. The conspiracy charge arose out of 21 U.S.C. § 963; the language quoted above clearly refers to § 952. Further support for the *Jackson* approach can be found in *United States v. Barnard,* 490 F.2d 907, 911 (9th Cir. 1973), *cert. denied,* 416 U.S. 959, 94 S.Ct. 1976, 40 L.Ed.2d 310 (1974).[5]

Appellee attempts to sidestep the counterblow launched by *Jackson* by arguing that a literal reading of 21 U.S.C. § 176a renders the offense of smuggling separate from the offense of facilitating the transportation of marijuana once it has been imported. Because these proscribed activities are connected by the conjunction "or", he reasons that they are mutually exclusive. His conclusion is that when the indictment is read through the statute, he is not charged with any offense occurring after the package arrived in San Francisco. We disagree. We think that transportation after importation is part and parcel of the more inclusive crime of importation, that Congress sought to make the subset as illegal as the set, and that it had no intention of restricting venue in such indirect fashion.

Further, appellee's construction of the statute would produce unnecessary, although intriguing complications. Were a package from England mailed to Florida, and discovered only upon its arrival in that state, appellee would have the government trace the package backwards to the port of entry and prosecute only in that district. We cannot believe that Congress intended

General finds to be necessary to provide for the medical, scientific, or other legitimate needs of the United States—

  (A) during an emergency in which domestic supplies of such substance or drug are found by the Attorney General to be inadequate, or

  (B) in any case in which the Attorney General finds that competition among domestic manufacturers of the controlled substance is inadequate and will not be rendered adequate by the registration of additional manufacturers under section 823 of this title,

may be so imported under such regulations as the Attorney General shall prescribe. No crude opium may be so imported for the purpose of manufacturing heroin or smoking opium.

**5.** "We have no doubt that, if the defendants had imported marijuana from Mexico on foot or on horseback or by wagon or a bicycle or car, and had taken it across the Southern District and into the Central District, then venue would lie in either district."

the government to be put to such tedium, nor that it intended to force an accused person to be put to a defense in remote places. In this case, appellee, a Floridian, will in fact receive a trial close to home rather than 2500 miles away. Perhaps that is what he most fears. Appellee may be forum shopping on the assumption that jurors elsewhere will be more sympathetic to his plight. We pretermit any discussion of the proclivities of citizens called to jury duty in other jurisdictions, because the fulfillment of this tantalizing illusion is not one of appellee's options.

REVERSED and REMANDED.