UNITED STATES of America,
Plaintiff-Appellee,

v.

Mary Linda DANIELS,
Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Samuel A. ENGLISH,
Defendant-Appellant.

Nos. 76–1958 and 76–2084.

United States Court of Appeals,
Ninth Circuit.

March 3, 1977.

Patrick K. Stiley, argued, Fredrickson, Maxey, Bell & Allison, Spokane, Wash., for defendant-appellant.

Dean C. Smith, U. S. Atty., Seaton M. Daly, Jr., Asst. U. S. Atty., argued, Spokane, Wash., for plaintiff-appellee.

Before BROWNING and SNEED, Circuit Judges, and RICHEY,* District Judge.

## OPINION

SNEED, Circuit Judge:

Appellants were convicted in federal district court of importing marijuana, in violation of 21 U.S.C. § 952(a) (1970), and of possession of marijuana with intent to dis-

* Hon. Mary Anne Richey, United States District Judge, for the District of Arizona, sitting by designation.

tribute, in violation of 21 U.S.C. § 841(a)(1) (1970). They challenge their convictions on two principal grounds: that certain evidence produced at trial was illegally seized and should have been suppressed, and that the Government's proffered evidence was insufficient to support the convictions. We affirm.

## I

### The Facts.

The United States Customs office in late 1975 intercepted a package mailed from Thailand containing 4778 grams (approximately 10 pounds) of marijuana. The package was addressed to a "R. Holman," care of appellant Samuel A. English, at an address occupied jointly by English and appellant Mary Linda Daniels in Clarkston, Washington. On the morning of November 5, 1975, the package was delivered to appellants' residence by a mail carrier under the observation of federal Drug Enforcement Administration agents. Daniels personally accepted the package after examining its label.

Federal agents searched the residence pursuant to a warrant shortly after English, who was not present at the time of the package's delivery, returned home. In addition to the intercepted package, which was found unopened next to the front door of the residence, the officers discovered a similar, unopened package from Thailand that was later found to contain 6028 grams of marijuana. This second package was addressed to "Charles LaGrande," care of William Malcolm at the Brower-Wann Memorial Chapel in Lewiston, Idaho. Malcolm, who did not live in Lewiston, was the son of the owner of the Brower-Wann Memorial Chapel and a close friend of appellants. Malcolm and the appellants had all received mail at various times care of the Memorial Chapel. The manager of the Brower-Wann had given the package to Daniels after she had indicated to him that she would be visiting Malcolm the following weekend. Federal agents also discovered approximately 270 grams of usable marijuana, in addition to marijuana stems and seeds, in various containers around the residence.

Both appellants denied any knowledge of a "R. Holman," although English volunteered that he might have been a hitchhiker that he had given a ride to the previous summer. "Charles LaGrande" also remained an unidentified individual.

## II

### The Entry and Search.

■ Appellants contend that the officers' entry into their home was unlawful under 18 U.S.C. § 3109 (1970), which prohibits forced entry except when an officer is refused admission after announcing his authority and purpose. The district court, however, found that "the officers who executed the warrant entered peaceably and without force . . . and announced their authority either before entering or immediately after their entry." Record on Appeal, at 28. Substantial evidence supports this finding.[1] We, therefore, hold that the officers' entry was valid. *United States v. Vargas,* 436 F.2d 1280 (9th Cir. 1971); *Sykes v. United States,* 312 F.2d 232, 234 (8th Cir.), *cert. denied,* 373 U.S. 942, 83 S.Ct. 1551, 10 L.Ed.2d 698 (1963).

---

1. Evidence was produced below indicating that two officers approached the front door of the residence, which was open and where the appellants were observed standing. The officers identified themselves to appellants, advised them that they had a search warrant for the residence, and asked them to step into the front room. At the same time, a third officer, who had actual possession of the search warrant, entered the residence by a rear door. Once all the officers and apr ·nts were in the front room, the appellants were advised of their rights, and the search warrant was read to and served on appellants.

To uphold the search, it is sufficient that *one* of the contemporaneous entries into appellants' residence was lawfully executed under 18 U.S.C. § 3109 (1970). *See Vanella v. United States,* 371 F.2d 50, 58 (9th Cir. 1966), *cert. denied,* 386 U.S. 920, 87 S.Ct. 883, 17 L.Ed.2d 790 (1967); *Cognetta v. United States,* 313 F.2d 870 (9th Cir. 1963).

Appellants also attack the manner and scope of the search. The warrant authorized the agents to search for "marihuana, packaging material, and paraphernalia used in the smuggling, packaging and distribution of controlled substances." During the trial, the district court suppressed certain letters seized during the search of the house that it held were outside the proper scope of the warrant. Appellants urge that the district court did not go far enough and should have suppressed all of the evidence seized during the search. We disagree.

█ The agents' search of appellants' residence does not rest on an unconstitutional foundation. Except for the letters, all of the evidence seized by the officers either fell within the warrant's description of the items sought, viz., "marihuana, packaging material, and paraphernalia," or was covered by the "plain view" rule. We reject appellants' contention that the warrant provided only for the seizure of the package intercepted by the customs agents and addressed to English as an unduly narrow reading of the warrant's language. We also reject the notion that the invalid seizure of the letters "tainted" the rest of the search. The exclusionary rule does not require the suppression of otherwise legal seizures merely because they were part of the same search in which an illegal seizure occurred. See United States v. Artieri, 491 F.2d 440, 445–46 (2d Cir.), cert. denied, 419 U.S. 878, 95 S.Ct. 142, 42 L.Ed.2d 118 (1974); United States v. Holmes, 452 F.2d 249, 259 (7th Cir. 1971), cert. denied, 405 U.S. 1016, 92 S.Ct. 1291, 31 L.Ed.2d 479 (1972). Wong Sun v. United States, 371 U.S. 471, 484–87, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963), requires the suppression of the "products" of illegal seizures; the evidence, other than the letters, seized here was the "product" of a valid search, not an illegal seizure. Wong Sun's "taint" reaches items derived from unconstitutional behavior, not items derived from constitutional behavior even when contemporaneous with that which is unconstitutional. To permit it to reach such items would be to worship a metaphor and to defile reason.

## III

### Sufficiency of the Evidence.

In United States v. Moler, 460 F.2d 1273 (9th Cir. 1972), this court ruled that the defendants' possession of an unopened package of marijuana addressed to an unknown third party care of the defendants' business was not sufficient, in itself, to sustain convictions of importing marijuana and possession with intent to distribute. Appellants argue that their cases are identical to Moler and that we must therefore reverse their convictions for insufficiency of the evidence. We disagree.

█ While the appellants' convictions rest primarily on Daniels' receipt of a package of marijuana addressed to a "R. Holman," care of appellant English, the Government produced additional circumstantial evidence that, when viewed together with the intercepted package, supports the district court's verdicts. As noted earlier, officers also found in appellants' home a second package that, like the first parcel, contained a sizable quantity of marijuana "Thai-sticks," was mailed from Thailand, and was addressed to an unidentified person care of, in this instance, a good friend of appellants. The district court would certainly have been warranted in viewing the presence in appellants' residence of two such similar packages as more than a mere coincidence. Further supporting an inference that appellants were involved in the importation of the first package was the presence within their residence of a not insubstantial amount of usable marijuana, along with marijuana stems and seeds.

█ In determining the sufficiency of circumstantial evidence, the question "is not whether the evidence excludes every hypothesis except that of guilt but rather whether the trier of fact could reasonably arrive at its conclusion." United States v. Heck, 499 F.2d 778, 790 (9th Cir.), cert. denied, 419 U.S. 1088, 95 S.Ct. 677, 42 L.Ed.2d 680 (1974); see United States v. Nelson, 419 F.2d 1237, 1242–45 (9th Cir. 1969). The district court could reasonably have concluded from the above evidence

that appellants knew that the intercepted package contained marijuana illegally imported from Thailand. This evidence is sufficient to support the convictions under section 952(a) (importing controlled substances).[2] Given the amount of marijuana, this evidence is also sufficient to support the convictions under section 841(a)(1) (possession with intent to distribute). *See United States v. Heiden,* 508 F.2d 898 (9th Cir. 1974).[3]

Appellants argue that, even if an inference of knowledge can be attributed to *someone* at the Clarkston, Washington address, the Government failed to attribute *individual* guilt to either of the appellants. In support of this argument, appellants cite *Delgado v. United States,* 327 F.2d 641 (9th Cir. 1964). In *Delgado,* defendants, who lived together as "common law" husband and wife, were convicted of receiving, concealing and facilitating the transportation of marijuana on the basis of marijuana found in defendants' bedroom nightstand. This court held that individual guilt on the part of either defendant had not been proven; it was "pure speculation" whether both of the defendants had possession of the marijuana or, if not both, which defendant had possession.

■■■■■ In the instant case, however, there was evidence linking both appellants individually to the packages of marijuana found at their residence. The intercepted package was addressed care of appellant

English. Appellant Daniels had picked up the package sent to the Brower-Wann funeral home and had accepted the package sent to her and appellant English's residence. This evidence, in conjunction with the fact that appellants had been living together in the residence in question for three months prior to the search, is sufficient to establish individual guilt. It is not necessary to prove directly individual guilt; the trier of fact is free to rely on circumstantial evidence so long as it serves as a "rational basis" for his determination. *See United States v. Hood,* 493 F.2d 677 (9th Cir.), *cert. denied,* 419 U.S. 852, 95 S.Ct. 94, 42 L.Ed.2d 84 (1974); *United States v. Irion,* 482 F.2d 1240 (9th Cir.), *cert. denied,* 414 U.S. 1026, 94 S.Ct. 454, 38 L.Ed.2d 318 (1973); *Riley v. United States,* 411 F.2d 1146 (9th Cir. 1969), *cert. denied,* 397 U.S. 906, 90 S.Ct. 897, 25 L.Ed.2d 87 (1970); *Delgado v. United States, supra.*[4]

AFFIRMED.

---

**2.** Other evidence, while not substantial standing on its own, also weighs in favor of the district court's verdicts. For example, the package sent care of appellant English was addressed improperly to 2302 3rd Street (a nonexistent address) rather than 2302 22nd Avenue. Approximately three months earlier appellant English had filled out a change of address card to have all mail addressed to 2302 3rd Avenue changed to 2302 22nd Avenue.

**3.** While a larger amount of marijuana was involved in *Heiden* than the instant case, enough marijuana was found in appellants' residence to support a similar conclusion that the marijuana was not intended merely for personal use.

**4.** Appellants also attack their convictions as inconsistent with the district court's verdicts of not guilty on counts of violating 21 U.S.C. § 846 (1970) (conspiracy to import marijuana) and 21 U.S.C. § 843(b) (1970) (illegal use of a communications facility). We disagree. The elements of the offenses of which appellants were acquitted are substantially different from the elements of the offenses of which appellants were convicted; different proof is required. Under such circumstances, the verdicts are not inconsistent. *See United States v. Guajardo,* 508 F.2d 1093 (5th Cir.), *cert. dismissed,* 423 U.S. 801, 96 S.Ct. 8, 46 L.Ed. 244, *cert. denied,* 423 U.S. 847, 96 S.Ct. 86, 46 L.Ed.2d 68 (1975); *United States v. Gary,* 447 F.2d 907 (9th Cir. 1971).