167 N.J. Super. 233 (1979)
400 A.2d 811
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOHN WELSH, JR., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 27, 1979.
Decided March 20, 1979.
*234 Before Judges HALPERN, ARD and ANTELL.
*235 Mr. H. Richard Chattman, Assistant Deputy Public Defender argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender of New Jersey, attorney; Ms. Mary E. Marchev, Assistant Deputy Public Defender, of counsel and on the brief).
Mr. James T. O'Halloran, Deputy Attorney General, argued the cause for respondent (Mr. John J. Degnan, Attorney General of New Jersey, attorney; Mr. Anthony J. Parrillo, Deputy Attorney General, of counsel).
The opinion of the court was delivered by ANTELL, J.A.D.
Pursuant to a valid warrant for his arrest defendant was stopped and taken into police custody while driving his automobile on a public highway. After a search of his person he was handcuffed and placed in the police car. While thus detained the police searched his automobile, and within the wires underneath the dashboard they found a brown envelope containing a number of betting and lottery slips.
Based, at least in part, upon the fruits of the foregoing search defendant was indicted for various violations of the state gambling and lottery laws. Following denial of his motion to suppress the evidence found in his automobile at the time of arrest, he pleaded guilty to the second count of the indictment, charging possession of lottery slips, N.J.S.A. 2A:121-3, and the sixth count, charging conspiracy to violate the lottery laws, N.J.S.A. 2A:98-1 and 2. Pursuant to a plea bargain the remaining counts were dismissed on recommendation of the State. The sole point raised by defendant on his appeal is that his motion to suppress was erroneously denied and that the judgments of conviction should therefore be vacated notwithstanding that they are based upon his pleas of guilty. See R. 3:5-7(d).
It remains settled that all warrantless searches are prima facie invalid unless brought within one of the recognized exceptions created by the United States Supreme *236 Court. "There can be no doubt as to the current authoritativeness of that concept." State v. Ercolano, 79 N.J. 25 (1979); State v. Sims, 75 N.J. 337, 351-355 (1978); State v. Scanlon, 84 N.J. Super. 427, 433-434 (App. Div. 1964). The burden is on the State as the party seeking the exception, to show the need for it. Sims, supra 75 N.J. at 352. While it is true that the reasonableness of an automobile search is generally tested by standards less stringent than those obtaining in the case of a home or an office "nevertheless it remains the law that motor vehicles constitute areas of privacy of persons and effects within the general protection of the Fourth Amendment and our own Constitution." State v. Slockbower, 79 N.J. 1 (1979).
The State argues that the totality of circumstances render the search a reasonable one and further seeks to justify it as having been incident to a lawful arrest. The circumstance chiefly relied on is that at the time of the arrest defendant was in the company of his infant son. Rather than assume the responsibility of transporting the child the arresting officer therefore resolved to allow defendant to drive his motor vehicle to the police barracks. Thus, it is argued, the search was undertaken as a precaution against the possibility that a weapon or other threat to police safety would come within the defendant's grasp and "to make sure that there was nothing in the vehicle that would be destroyed in-ride."
We note first that the course of action which the arresting officer had in mind was not proposed to defendant, and it is not suggested that defendant in any way consented to the arrangement. The circumstances hypothesized do not appear to have emerged at any point from a state of unexpressed intention and in any event were such as would have been created entirely by the police. "They did not have the right to create a situation which gave them a pretext for searching beyond the area of defendant's immediate control." United States v. Griffith, 537 F.2d 900, 904 (7 Cir.1976).
*237 The exception permitting a search incident to a lawful arrest goes no further than to permit "a search of the arrestee's person and the area `within his immediate control,'" and is justified by the need to guard against the risk of harm to the arresting officer or the immediate destruction of evidence. Chimel v. California, 395 U.S. 752, 763, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). Here, however, defendant was securely under control, was nowhere near his car, and the area of permissible search was therefore "narrowed accordingly." United States v. Griffith, supra at 904. Since the police had custody of the car there was no longer any danger that defendant could get to a weapon or destroy evidence. Therefore seizure of the evidence was no longer an incident of the arrest. U.S. v. Chadwick, 433 U.S. 1, 15, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977).
The order of the trial judge denying defendant's motion for suppression is reversed. His pleas of guilty to the second and sixth counts of the indictment are vacated and the remaining counts of the indictment against the defendant which were dismissed on recommendation of the State pursuant to the plea bargain are reinstated.