STATE OF NEW JERSEY, PLAINTIFF–APPELLANT, v. BOBBY ERIC HUTCHINS, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted March 9, 1988—Decided July 25, 1988.

Before Judges KING and D'ANNUNZIO.

*Herbert H. Tate, Jr.,* Essex County Prosecutor, attorney for appellant, (*Marc J. Friedman,* Assistant Prosecutor, of counsel and on the brief).

*Alfred A. Slocum,* Public Defender, attorney for respondent (*David L. Kervick,* Assistant Deputy Public Defender, of counsel and on the brief).

The opinion of the court was delivered by

D'ANNUNZIO, J.A.D.

Pursuant to leave granted, the State appeals an order suppressing evidence seized from defendant and sought to be utilized in a prosecution under Essex County Indictment 3303–11–84, charging possession of heroin and possession with intent to distribute. The issue is whether an exigency created by police action can justify a warrantless search.

At the suppression hearing, Officer Lemon testified that a reliable informer known to Detective Thompson, his partner, informed Detective Thompson that a black male in a blue jogging suit was selling drugs at 118 11th Avenue, Newark. Lemon and Thompson proceeded to that address and knocked on the door. The door was opened by defendant, a black male in a blue jogging suit. According to Lemon, defendant's fist was clenched and Lemon could not see what defendant was holding. Lemon and Thompson were not in uniform. Lemon asked defendant if he had "anything." When defendant did not respond, Lemon announced that they were police officers. According to Lemon, defendant then fled into the house and began to run up a flight of stairs. The policemen entered the home, pursued defendant and apprehended him. After defendant was apprehended, the police found ten glassine envelopes of heroin in his right hand. No other contraband was found in the house.

Defendant's version differed from that of Officer Lemon. Defendant denied that he fled. He testified that the police, after asking for something, walked into the house as they announced that they were police officers. The trial judge did not resolve the credibility issue. He suppressed the evidence on the ground that no exigency existed sufficient to excuse the requirement of a warrant. For purposes of this appeal we accept Officer Lemon's version and we affirm.

On appeal, the State contends that the informer's tip, consisting of a conclusory statement that drugs were being distributed at the residence in question, was insufficient to establish probable cause and, therefore, could not be the sole basis for the

issuance of a warrant. The State further contends, and we agree, that the police had the right to investigate the tip by attempting to purchase drugs at the specified address. According to the State, defendant's blue jogging suit and his flight when Lemon announced that he was a police officer ripened the informant's tip into probable cause. The exigency, claims the State, was the potential loss or destruction of evidence.

Warrantless searches are *prima facie* invalid and the burden is on the State to establish that the search falls within one of the exceptions which will justify a search without a warrant. *State v. Welsh,* 84 *N.J.* 346, 352 (1980), aff'g 167 *N.J.Super.* 233 (App.Div.1979); *State v. Patino,* 83 *N.J.* 1 (1980). In the present case the police entered a private residence. The protection of the home from government intrusion is at "the very core" of the Fourth Amendment. *Silverman v. United States,* 365 *U.S.* 505, 511, 81 *S.Ct.* 679, 682, 5 *L.Ed.*2d 734 (1961) ("at the very core stands the right of a man to retreat into his own home and there be free from unreasonable governmental intrusion"); *Payton v. New York,* 445 *U.S.* 573, 100 *S.Ct.* 1371, 63 *L.Ed.*2d 639 (1980). "In terms that apply equally to seizures of property and to seizures of persons, the Fourth Amendment has drawn a firm line at the entrance to the house. Absent exigent circumstances, that threshold may not reasonably be crossed without a warrant." *Id.* at 590, 100 *S.Ct.* at 1382. *Accord Welsh v. Wisconsin,* 466 *U.S.* 740, 104 *S.Ct.* 2091, 80 *L.Ed.*2d 732 (1984). "[A] principal protection against unnecessary intrusions into private dwellings is the warrant requirement imposed by the Fourth Amendment...." *Id.* at 748, 104 *S.Ct.* at 2097.

As previously indicated, the State relies on the potential destruction of evidence as the exigent circumstance justifying the warrantless entry of the residence. Once the police identified themselves the destruction of evidence was highly probable. But that exigency was the result of voluntary action taken by the police. It was an exigency created by the police. *See State v. Welsh, supra; State v. Williams,* 168 *N.J.Super.* 352

(App.Div.1979). *But cf. State v. Meighan*, 173 *N.J.Super.* 440 (App.Div.1980), certif. den. 85 *N.J.* 122 (1980) (warrantless search of defendant's wife not the result of police-created exigency).

In *Welsh* the State attempted to justify a post-arrest search behind the dashboard of defendant's vehicle on the ground that the police had decided to allow defendant to drive his vehicle to the police station. The trial court denied defendant's motion to suppress. In a decision affirmed by the Supreme Court, we reversed, in part, on the ground that the claimed exigency had been created by the police. *State v. Welsh, supra.*

In *State v. Williams, supra*, we affirmed the grant of a suppression motion because the exigency resulted from a four-hour delay in dispatching detectives to investigate a tip that a van was being loaded with stolen shoes. The exigency was exacerbated by the police failure to secure a warrant once investigation of the van had corroborated the anonymous tip.

Several other opinions have addressed the validity of warrantless searches based on exigencies arising from police action.

In *United States v. Rosselli*, 506 *F.*2d 627 (7th Cir.1974), the court affirmed an order suppressing evidence. The police arrived at an apartment where they had probable cause to believe that drugs were stored. Instead of placing the apartment under surveillance and applying for a warrant, they knocked on the door and announced that they were federal agents. The agents heard scuffling inside the apartment, the positioning of a chain lock and someone directing another not to open the door. The agents kicked the door open and entered the apartment.

The Court of Appeals rejected the government's argument that the warrantless entry was justified by an emergency, the probability of an attempt to destroy evidence. The Court recognized that the emergency existed but ruled that it had been created by the government's chosen course of action. The

police had "the right to pursue their investigation by seeking voluntary cooperation from a suspect. But certainly the emergency which did ensue was forseeable." *Id.,* at 630. The Court also expressed its concern that reliance on this type of police-created exigency to justify a warrantless search established an easy method of by-passing constitutional requirements.

In *Shuey v. Supreme Court,* 30 *Cal.App.* 3d 535, 106 *Cal.Rptr.* 452 (1973), defendant appealed the denial of his suppression motion. Based on an informer's tip that defendant had drugs in his home the police went to defendant's home, told defendant that they were the police and asked him to consent to a search. Despite defendant's refusal to consent, the police entered the home and secured it while other law enforcement personnel applied for a warrant. A subsequent search with a warrant revealed contraband.

The State contended that the potential destruction of evidence while the police sought a warrant justified the warrantless entry of defendant's home. The Court of Appeals rejected the proffered exigency because

... the impetus for the anticipated disposal of the contraband, was the fact that the police, after doing nothing for five days, chose to alert Paul [defendant] when they had no search warrant, instead of dropping by a magistrate's chambers on their way to his home.... The emergency was strictly of the 'do-it-yourself' variety. *Id.,* at 30 *Cal.App.* 3d 540–541, 106 *Cal.Rptr.* 455.

The Court of Appeals held that the warrantless entry was illegal. But in light of the fact that a warrant had issued, it remanded for consideration of the causal connection between the illegal police conduct and seizure of the drugs.

In *Latham v. Sullivan,* 295 *N.W.*2d 472 (Iowa App.1980), the court reversed the trial court's denial of defendant's suppression motion. In that case a policeman observed the proceeds of a burglary through a window. He asked defendant for permission to search. When permission was refused, the policeman entered defendant's home and conducted a search. The court rejected the State's contention that the potential destruction of evidence was a legitimate exigency. The court ruled that the exigency was created by police conduct.

Warrantless searches based on exigencies arising from police activity have been upheld. *United States v. Rubin*, 474 *F.*2d 262 (3rd Cir.1973), *cert.* den. *sub nom. Agran v. United States*, 414 *U.S.* 833, 94 S.Ct. 173, 38 L.Ed.2d 68 (1973) is an example.

In *Rubin* the Third Circuit vacated an order suppressing evidence and remanded to the trial court for consideration of other issues. Based on an informer's tip and on their follow-up investigation, federal agents determined that a shipment of 90 lbs. of hashish had been delivered to defendant Agnes' home. One of the agents was dispatched to procure a search warrant. Thereafter, Agnes left his home in a car. Agents followed him, but when Agnes began to take evasive action the agents stopped and arrested Agnes six blocks from his home. As he was being led away, Agnes yelled to bystanders to call his brother. The Court of Appeals concluded that the federal agents had reasonable grounds to believe that they were confronted with an emergency which could result in the destruction of evidence. *Id.* at 269.

In *United States v. Curran*, 498 *F.*2d 30 (9th Cir.1974), the Court of Appeals rejected the government's contention that there were exigent circumstances due to the probable destruction of evidence after the federal agents announced themselves. However, the warrantless search was upheld because traffic to and from the house under surveillance and the stopping of the traffic by the government supported an inference that drugs in the house were being repackaged and shipped out and that the stopping of vehicles leaving the house by the federal agents created a substantial risk that the law enforcement officers would be detected.

In *United States v. Doyle*, 456 *F.*2d 1246 (5th Cir.1972), the exigent circumstance consisted of an informer's tip that defendants had become aware of the government's investigation of them and were planning to leave for another city. The subsequent warrantless entry was upheld by the trial court and the Court of Appeals.

We glean from these decisions the principle, which we apply in this case, that police action of reasonably anticipated potential benefit to an investigation which has the unintended and collateral residual effect of creating an exigent situation, may be the basis of a warrantless search based on probable cause. We also agree with the court's observation in *Rosselli, supra*, that police-generated exigency must be scrutinized because of its capacity to nullify the constitutional requirement of a warrant.

In the present case, Lemon and Thompson attempted to bait defendant into selling drugs to them. Defendant did not rise to the bait, and we perceive no reasonably anticipated potential benefit to the police investigation from the announcement, at that time, that they were police officers. Surely, the police could not reasonably have expected a confession and surrender as a response to their status and presence. We are not satisfied that the exigency in this case was an unintended and collateral residual effect of their announcement. Our disposition of this case on the exigency issue makes it unnecessary to consider the existence of probable cause.

Affirmed.