**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 24 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   16-30074 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00098-RSM-1 |
| v. | |
| JUNNE KYOO KOH, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, Chief Judge, Presiding

Argued and Submitted July 11, 2017
Seattle, Washington

Before: TASHIMA and NGUYEN, Circuit Judges, and WALTER,** District
Judge.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Donald E. Walter, United States District Judge for the
Western District of Louisiana, sitting by designation.

Junne Koh appeals the denial of his motion to suppress two firearms and his sentence as procedurally and substantively improper. We have jurisdiction, and we affirm.[1]

**1.** Koh argues that he consented only to the officers' entry into his living room, not his hallway. Under the circumstances here—where Koh called the police and invited them into his home, did not object when the officer followed him a short distance to the hallway, and later consented to a search of the home— the district court did not clearly err when it concluded that the scope of Koh's consent permitted the officer's presence in the hallway. *See United States v. Mejia*, 953 F.2d 461, 466 (9th Cir. 1991) (finding that the plaintiff's wife impliedly consented to the officers' search because "a reasonable person who objected to the officers' following her would have said so."); *see also United States v. Mines*, 883 F.2d 801, 804-05 (9th Cir. 1989) ("[Defendant] might have withdrawn or limited his consent, even during the search. His failure to do so indicates he consented to the entire search and everything it revealed.").

**2.** Koh argues that the emergency exception to the warrant requirement does not apply because no emergency existed that would have justified the seizure of the firearms. Even if this exception does not apply, any error was harmless because

[1] We grant Koh's motion to file his pro se supplemental brief submitted on December 14, 2016 (Dkt. No. 54). This ruling resolves docket entry numbers 52, 65, and 66.

the gun evidence was otherwise admissible. The officer saw the gun in plain view and could have testified to Koh's possession of it. Koh's neighbor also could have testified that Koh possessed a firearm. Further, when the officer found the first gun, Koh volunteered that he had another gun in a storage unit. *See United States v. Daniels*, 549 F.2d 665, 668 (9th Cir. 1977) (The "taint" analysis "reaches items derived from unconstitutional behavior, not items derived from constitutional behavior even when contemporaneous with that which is unconstitutional.").

**3.** Koh argues that his sentence was procedurally defective and substantively unreasonable. The record does not support Koh's argument that the district court penalized him for refusing to interview with the probation officer. In fact, the district court explicitly noted that Koh had the right to decline the probation interview. *See United States v. Johnston*, 789 F.3d 934, 943 (9th Cir. 2015) ("Although the district court commented on [defendant]'s reticence at the sentencing hearing, [the judge] also explicitly recognized that remaining silent was 'his right.'"). The district court's comment about Koh's mental health is supported by ample evidence, and the district court carefully explained its basis for departure from the Guidelines range. *See, e.g., United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). The district court's sentence, imposed after careful consideration of the factors under 18 U.S.C. § 3553(a), was not substantively unreasonable.

**AFFIRMED.**