[No. G036766. Fourth Dist., Div. Three. Nov. 16, 2006.]

THE PEOPLE, Plaintiff and Appellant, v.
HUMBERTO ALVARADO et al., Defendants and Respondents.

## COUNSEL

Tony Rackauckas, District Attorney, and Matthew Lockhart, Deputy District Attorney, for Plaintiff and Appellant.

Marilee Marshall, under appointment by the Court of Appeal, for Defendant and Respondent Humberto Alvarado.

Deborah A. Kwast, Public Defender, under appointment by the Court of Appeal, Thomas Havlena, Chief Deputy Public Defender, Kevin J. Phillips, Assistant Public Defender, and Scott Van Camp, Deputy Public Defender, for Defendant and Respondent Michael Alvarado.

## OPINION

**BEDSWORTH, Acting P. J.**—Respondents Humberto and Michael Alvarado were charged in Orange County Superior Court with one count of receiving stolen property.[1] The trial court dismissed the charge for improper venue and ordered that it be refiled in Los Angeles County. However, because the property was stolen in Orange County, venue lies in Orange County. We therefore reverse the order to dismiss.

\* \* \*

In February 2005, someone broke into a business in Irvine and made off with 20 TiVo recording units. A few weeks later, respondents posted some of the units for sale on the Internet. In so doing, they gave out their home address in Los Angeles, and it wasn't long before the police showed up at their door with a search warrant. Respondents told investigators they bought the units from a guy on their street for less than half their retail value and then turned around and sold them on eBay.[2] No TiVo units were found at respondents' residence, but the police did find two ounces of cocaine and about $1,600.

---

[1] Because respondents share the same last name, we will sometimes refer to them by their first names. We mean no disrespect by the nomenclature, but do so solely for the sake of convenience.

[2] They were selling TiVo units on eBay. Welcome to the 21st century.

In a two-count complaint, respondents were charged with receiving stolen property and possessing cocaine for sale. However, prior to the preliminary hearing, the prosecution dismissed the drug charge because, as the People concede on appeal, "proper venue for that crime is solely Los Angeles County." During the preliminary hearing, respondents also tried to get the receiving count dismissed for improper venue, but the magistrate denied their motion and bound them over to superior court.

There, respondents renewed their motion to dismiss, arguing they could not be tried in Orange County in the absence of evidence showing that they knew the TiVo units were stolen there. They also claimed that trying them in Orange County would violate their vicinage rights. The court didn't speak to these issues, however. Instead, it focused on the fact respondents had been operating out of Los Angeles and were facing trial there on the cocaine charge. Thinking it would be most efficient to try the charges together, the court dismissed the receiving count and ordered that it be refiled in Los Angeles County.

\* \* \*

In challenging the trial court's order, the People claim venue is proper in this county because that is where the TiVo units were stolen from. The claim is well taken.

The governing statute is Penal Code section 786.[3] Pursuant to that section, "When property taken in one jurisdictional territory by burglary, carjacking, robbery, theft, or embezzlement has been brought into another, or when property is received in one jurisdictional territory with the knowledge that it has been stolen or embezzled and the property was stolen or embezzled in another jurisdictional territory, the jurisdiction of the offense is in any competent court within either jurisdictional territory, or any contiguous jurisdictional territory if the arrest is made within the contiguous territory, the prosecution secures on the record the defendant's knowing, voluntary, and intelligent waiver of the right of vicinage, and the defendant is charged with one or more property crimes in the arresting territory." (§ 786, subd. (a).)

Plugging our facts into the statute it readily appears that respondents (1) received property in one jurisdictional territory, i.e., Los Angeles County, (2) with knowledge it had been stolen, and (3) the property was stolen in another jurisdictional territory, i.e., Orange County. Therefore, by the plain terms of the statute, proper venue for the receiving count "is any competent court within either jurisdictional territory," i.e., Los Angeles County or Orange County. The statute, it seems, could hardly be clearer in this regard.

---

[3] All further statutory references are to the Penal Code.

Nevertheless, Michael asks that we read an additional requirement into the statute. He contends that in receiving stolen property cases, venue should only be allowed in the county from where the property is stolen *if the defendant knew the property was stolen in that county*. Neither logic nor the rules of statutory interpretation support this construction, however.

■ In construing section 786, " ' "as with any statute, we strive to ascertain and effectuate the Legislature's intent." ' [Citations.] 'Because statutory language "generally provide[s] the most reliable indicator" of that intent [citations], we turn to the words themselves, giving them their "usual and ordinary meanings" and construing them in context [citation].' [Citation.] If the language contains no ambiguity, we presume the Legislature meant what it said, and the plain meaning of the statute governs. [Citation.] If, however, the statutory language is susceptible of more than one reasonable construction, we can look to legislative history in aid of ascertaining legislative intent. [Citation.]" (*People v. Robles* (2000) 23 Cal.4th 1106, 1111 [99 Cal.Rptr.2d 120, 5 P.3d 176].)

■ Respondents are unable to direct us to any ambiguity in the pertinent part of the statute. Citing *People v. Tamble* (1992) 5 Cal.App.4th 815, 818 [7 Cal.Rptr.2d 446], Michael argues section 786 is unclear and thus requires judicial construction. But *Tamble* involved a different aspect of the statute, namely, the latter part of subdivision (a) dealing with the defendant's waiver of vicinage rights. (See *People v. Tamble, supra*, 5 Cal.App.4th at pp. 819–821.) That part of the statute may be somewhat confusing, but the part pertaining to the knowledge issue involved here is not. While the statute requires the defendant to know the property he is charged with receiving was stolen, it does not require him to know in which particular county the original taking occurred.

■ Michael asserts we should give him the benefit of the doubt on this issue and construe the statute in his favor by applying the rule of lenity. Under that rule, courts are required to construe statutory language in favor of a criminal defendant when the statute in question is truly susceptible of two equally reasonable interpretations. (*People v. Canty* (2004) 32 Cal.4th 1266, 1277 [14 Cal.Rptr.3d 1, 90 P.3d 1168].) However, the rule is inapt here because section 786 is clear and unambiguous with respect to the issue before us. (32 Cal.4th at p. 1277.)

Even if we were to look past the plain meaning of the statute and turn to other aids in interpreting section 786, we would not be inclined toward respondents' position. Michael places great emphasis on the historical development of the statute, but it does not avail his cause. As he points out, the statute did not always concern the crime of receiving stolen property. It once

provided, "When property taken in one jurisdictional territory by burglary, robbery, theft, or embezzlement has been brought into another, the jurisdiction of the offense is in any competent court within either jurisdictional territory." (Former § 786, as amended by Stats. 1951, ch. 1674, § 17, p. 3833.)

However, in 1981, the statute was amended to include the situation where "property is received in one jurisdictional territory with the knowledge that it has been stolen or embezzled and such property was stolen or embezzled in another jurisdictional territory . . . ." (Former § 786, as amended by Stats. 1981, ch. 318, § 1, p. 1458.) In this situation, "the jurisdiction of the offense is in any competent court within either jurisdictional territory." (*Ibid.*)

Michael argues that before the 1981 amendment, he could have been prosecuted in Orange County simply by virtue of the fact that property taken there by burglary was brought into another county. Therefore, he submits that the only way to avoid rendering the 1981 amendment surplusage would be to construe it as requiring the defendant to know from which county the property was originally taken. But the 1981 amendment did not just reiterate the existing terms of the statute. Rather, it specified that the crime of receiving stolen property (like the crimes of burglary, robbery, theft and embezzlement) is subject to the venue rules set forth in the statute. If anything, then, the 1981 version clarified that it was intended to apply to people, like respondents, who received in one county property that was taken in another. The statute has never required the defendant to know from which county the property was originally taken. Had the Legislature intended to require such knowledge, it would merely have said "received in one jurisdictional territory with the knowledge it was stolen or embezzled in another." The additional verbiage of the statute as written convinces us this was not their intent. Furthermore, imposing such a knowledge requirement would run contrary to the statute's "purpose of 'expanding criminal jurisdiction beyond rigid common law limits.' [Citation.]" (*People v. Tamble, supra*, 5 Cal.App.4th at p. 819 [noting section 786 should be liberally construed to achieve this purpose].)

Nonetheless, Michael notes that in amending section 786 in 2002, the Legislature declared "that this measure is intended to reduce the number of separate prosecutions, which will, in turn, produce a cost savings to local governments and the courts." (Stats. 2002, ch. 908, § 2.) He argues this goal would be served by having a single trial in Los Angeles County. But he overlooks the fact the Legislature's reference to "this measure" was not to subdivision (a) of section 786, but to some newly added provisions dealing

with the crime of identity theft.[4] There is no indication that the procedural rules created by those amendments were intended to apply to the offense of receiving stolen property. So, although the goal of saving money is certainly a laudable one, we cannot read too much into the 2002 amendments because they are not at play in this case.

The fact is, if the Legislature really wanted to amend section 786 so it requires the defendant to have knowledge of both the property's stolen character and the county from which it was originally taken, it could easily do so. It hasn't. The statute does not say the defendant must know in which county the property was stolen, and we refuse to read this requirement into the law.

Humberto takes a slightly different approach to the issue. Instead of trying to enlarge on the plain language of the statute, he frames his argument in terms of his right to a jury of the vicinage. Specifically, he "maintains that in the absence of participation, knowledge or some other nexus between respondents and the Orange County burglary, . . . section 786, subdivision (a) does not trump respondents' right to vicinage."

 "The right to a jury of the vicinage is distinct from venue: vicinage refers to the geographical area from which the jury is summoned whereas venue is the place of trial. [Citation.]" (*People v. Tamble, supra,* 5 Cal.App.4th at pp. 819–820.) In order to safeguard a defendant's vicinage rights, there must "be a reasonable relationship or nexus between the place designated for trial and the commission of the offense." (*Price v. Superior Court* (2001) 25 Cal.4th 1046, 1075 [108 Cal.Rptr.2d 409, 25 P.3d 618].) So long as there is "at least some act within a county preliminary to or requisite to the offense

[4] Particularly, subdivisions (b) and (c) of section 786, which provide:

"(b)(1) The jurisdiction of a criminal action for unauthorized use of personal identifying information, as defined in [section 530.5], shall also include the county where the theft of the personal identifying information occurred, or the county where the information was used for an illegal purpose. If multiple offenses of unauthorized use of personal identifying information, all involving the same defendant or defendants and the same personal identifying information belonging to the one person, occur in multiple jurisdictions, any one of those jurisdictions is a proper jurisdiction for all of the offenses.

"(2) When charges alleging multiple offenses of unauthorized use of personal identifying information occurring in multiple territorial jurisdictions are filed in one county pursuant to this section, the court shall hold a hearing to consider whether the matter should proceed in the county of filing, or whether one or more counts should be severed. The district attorney filing the complaint shall present evidence to the court that the district attorney in each county where any of the charges could have been filed has agreed that the matter should proceed in the county of filing. In determining whether all counts in the complaint should be joined in one county for prosecution, the court shall consider the location and complexity of the likely evidence, where the majority of the offenses occurred, the rights of the defendant and the people, and the convenience of, or hardship to, the victim and witnesses.

"(c) This section shall not be interpreted to alter victims' rights under [s]ection 530.6."

charged," jurisdiction will fairly attach in that county. (*People v. Campbell* (1991) 230 Cal.App.3d 1432, 1447 [281 Cal.Rptr. 870].) Or to state the matter another way, " '[W]here the cause occurs in one county and the result in another,' " vicinage is proper in either of the counties. (*State v. Howell* (1985) 40 Wn.App. 49 [696 P.2d 1253, 1255], quoted in *People v. Sakarias* (2000) 22 Cal.4th 596, 632 [94 Cal.Rptr.2d 17, 995 P.2d 152].)

In *People v. Campbell, supra,* 230 Cal.App.3d 1432, the court rejected the defendants' challenge to their trial in San Diego where the evidence showed they armed themselves and obtained clothing in that county for the purpose of carrying out a robbery in Riverside County. It did not matter that those preparatory acts were not alleged to be part of a conspiracy to commit robbery; because the acts were requisite to the robbery, the court found no violation of the defendants' vicinage rights. (*People v. Campbell, supra,* 230 Cal.App.3d at pp. 1446–1447.)

■ Unlike the defendants in *Campbell*, respondents were not proven to have been physically present in the county where the acts requisite to their charged offense occurred. That is, there was no evidence placing them in Orange County, where the original theft occurred. But that is not determinative of the vicinage issue because it is the requisite *acts*' relationship to the place of trial, not the defendants' relationship to the requisite acts, that bears on the question of vicinage. (See, e.g., *People v. Posey* (2004) 32 Cal.4th 193, 221 [8 Cal.Rptr.3d 551, 82 P.3d 755] [having drug trial in Marin County did not violate defendant's vicinage rights even though drug sale did not occur there and defendant did not know that undercover officer with whom he dealt was headquartered there].)

■ As our Supreme Court explained in *Posey*, the vicinage right "constitutes simply the right of an accused to a trial by an impartial jury drawn *from a place bearing some reasonable relationship to the crime in question.*" (*People v. Posey, supra,* 32 Cal.4th at p. 222, italics added.) Obviously, Orange County has a reasonable relationship to respondents' alleged offense of receiving stolen property, because that is where the original taking occurred. Had the property not been stolen there, respondents could not have received it in Los Angeles County. In that sense, the Orange County theft was, by definition, requisite to respondents' crime. Therefore, trying them in Orange County on the receiving stolen property charge will not violate their vicinage rights.

Having found that venue in this county lies under section 786 and that trial here is concomitant with respondents' vicinage rights, we conclude the trial court erred in granting respondents' motion to dismiss the charge of receiving stolen property.

## DISPOSITION

The trial court's order granting respondents' motion to dismiss is reversed and the court is directed to issue a new order denying the motion.

Moore, J., and Ikola, J., concurred.

Respondents' petition for review by the Supreme Court was denied February 28, 2007, S148916.