[No. 5955-3-III.   Division Three.   March 7, 1985.]

THE STATE OF WASHINGTON, *Appellant*, v. HARVEY G. HOWELL, *Respondent.*

*Douglas S. Boole, Prosecuting Attorney,* and *Michael C. Dempsey, Deputy,* for appellant.

*John G. Burchard, Jr.,* for respondent (appointed counsel for appeal).

McINTURFF, J.—A jury found the defendant guilty of theft of livestock, RCW 9A.56.080, but the court arrested judgment because the prosecution failed to prove venue in Okanogan County. We reverse and remand for reinstatement of the guilty verdict.

On the evening of August 10, 1982, the defendant Harvey Howell and his wife Susan removed nine calves belonging to Harry March from the March Ranch in Douglas County. Mr. Howell had been an employee of the ranch from September 1981 to May 1982 and believed he was entitled to the cattle because of his wrongful discharge and $1,500 owed him under his contract of employment.

Mr. Howell transported the calves to Grand Coulee, Grant County, where they were corralled for that evening. On the following morning the cattle were loaded into Mr. Howell's trailer and driven by him to the Okanogan Livestock Yard, located in Okanogan County, for auction. A state brand inspector, in the course of his regular duties at the auction, became suspicious because of the unusual breed and age of the animals. After a short investigation, it was discovered the cattle had been stolen from the March Ranch; Mr. Howell was charged with theft of livestock.

Before trial, at the end of the State's case, after completion of all testimony and after entry of the guilty verdict, Mr. Howell argued the case was being prosecuted in the wrong county. The judge refused to grant the defense motion to dismiss, until the verdict was received. He then arrested the judgment and dismissed the charge pursuant to CrR 7.4(c).

The State argues that RCW 9A.56.080 (theft of livestock) sufficiently encompasses criminal acts of the defendant in Okanogan County so as to make venue in Okanogan County proper.

Mr. Howell responds that Const. art. 1, § 22 (amend. 10) requires trial in the county where the theft occurred, thereby guaranteeing the right to be tried in the "vicinage" in which the crime was committed. *State v. Ashe,* 182 Wash. 598, 603, 48 P.2d 213 (1935). He further contends the act of theft was completed in Douglas County when Mr. Howell "transported away" the animals, and the only crime he could have been charged with appropriately in Okanogan County was possession.

RCW 9A.56.080 provides:

(1) Every person who, without lawful authority and with intent to deprive or defraud the owner thereof, wilfully takes, leads, or transports away, conceals, withholds, slaughters, or otherwise appropriates to his own use any horse, mule, cow, heifer, bull, steer, swine, or sheep shall be guilty of theft of livestock.

(2) Theft of livestock is a class B felony.

Prior to 1975, both theft and possession of stolen property were prosecuted under the general larceny statute, RCW 9.54.010. Subsequent to 1976, theft and possession were divided into separate crimes of differing degrees dependent upon the value of the property. *See* RCW 9A.56.040 and RCW 9A.56.160.

The information charged the theft of livestock pursuant to RCW 9A.56.080: "THAT on or about the 11, 12th day of August, 1982, in the County of Okanogan, . . . said defendant did . . . without lawful authority and with intent to deprive or defraud the owner thereof, . . . transported away, concealed, withheld or otherwise appropriated [cattle]." CrR 5.1 (which superseded RCW 10.25.020) provides the following:

(a) **Where Commenced.** All actions shall be commenced: . . .

(2) In any county wherein an element of the offense was committed or occurred.

The underlying authority for this rule is the Washington Constitution, article 1, section 22 (amendment 10) which reads in part: "the accused shall have the right to . . . have a speedy public trial by an impartial jury of the county in which the offense is charged to have been committed . . .".

■ In 2 W. LaFave & J. Israel, *Criminal Procedure* § 16.1, at 334 (1984), we find the following related to the concept of venue:

Venue must be distinguished from jurisdiction; the latter has to do with the authority or power of a court to try a case, while the former concerns only the place where the case may be tried. Strictly speaking, venue must also be distinguished from vicinage, a concept which has to do with the place from which the jurors are to be drawn. But

because it is seldom provided in the law that a jury may be selected from a locale different from that where the trial is to occur, it is understandable that the venue–vicinage distinction often is not an important one.

(Footnotes omitted.) And at page 337:

Generally, it may be said that an offense is not completed for venue purposes merely because enough has been done to constitute the crime.[1]

In applying the forerunner of CrR 5.1, our court in *State v. Ashe, supra,* considered a defense argument venue was not proper in Pierce County where the defendant had abducted a girl in King County and placed her in a house of prostitution in Pierce County. The court stated at pages 603–04:

No constitutional right of appellant under the quoted section was violated, since its object is to guarantee a speedy trial by an impartial jury in the county in which the offense is charged to have been committed. This constitutional provision was manifestly intended to guarantee the right to a trial by a jury of the "vicinage," or locality of the county in which it was committed, by defining that vicinage or locality as a county. A crime may be a single act and immediate in all its consequences, and the locality where it was committed is its "vicinage." On the other hand, a crime may be the result of a series of acts or the result of a single act. The direct consequences may be made to occur at various times and in different localities. *The criminal act, the motive of the perpetrator, the cause, and the effect, are but parts of the complete transaction. Wherever any part is done, that becomes the locality of the crime as much as where it may have culminated. Commonwealth v. Jones,* 118 Ky. 889, 82 S. W. 643 [(1904)].
   *The statute is remedial and to be liberally construed.*
. . . Under such statutes, the vicinage of a crime begun in one county and finished in another, or where the cause occurs in one county and the result in another, has been deemed to be in either county.

(Citations omitted. Italics ours.)

---

[1]*See United States v. Godwin,* 546 F.2d 145 (5th Cir. 1977), regarding venue rule in crimes charging violations of narcotics laws.

In analyzing RCW 9A.56.080, the statute includes the elements of "transports away", "conceals", "withholds" or "otherwise appropriates to his own use" any ". . . cow." These elements constitute the "act" of the crime. Clearly, the act of withholding and appropriating to one's own use occurred in Okanogan County where the defendant transported the animals into the county, claimed them as his own and sought to sell them at auction. Therefore, under the venue rule announced in CrR 5.1(a)(2) and the liberal construction accorded such statutes by *Ashe,* venue was proper in at least Douglas or Okanogan County as defendant's acts constituted a series of events which were part of a total transaction occurring in three different counties.

Since we have held the statute is broad enough to encompass criminal acts committed by Mr. Howell in Okanogan County, we now address the proper disposition of this case. In its conclusions of law, the court held there was insufficient evidence to prove venue, and dismissed the case. Mr. Howell argues this court is barred by the principles of double jeopardy from hearing the State's appeal, citing *State v. Dowling,* 98 Wn.2d 542, 656 P.2d 497 (1983) and *State v. Matuszewski,* 30 Wn. App. 714, 717–18, 637 P.2d 994 (1981). After reviewing those cases, we conclude they are distinguishable in that they involved an actual *retrial* of the defendant. Here, the jury found evidence beyond a reasonable doubt (a higher standard than that required by law, *State v. Brown,* 29 Wn. App. 11, 14, 627 P.2d 132 (1981)) the criminal acts of Mr. Howell occurred in Okanogan County. It is not necessary to retry Mr. Howell; it is only necessary to reinstate the verdict already reached by the jury. *United States v. Wilson,* 420 U.S. 332, 43 L. Ed. 2d 232, 95 S. Ct. 1013 (1975); *United States v. Brandon,* 633 F.2d 773, 779 (9th Cir. 1980); 3 W. LaFave & J. Israel, *Criminal Procedure* § 24.3(b), at 83 (1984). The court erred in ruling venue could be found only in Douglas County.

Because we have held the statute is broad enough to encompass the act of the defendant in Okanogan County, it

is not necessary to address the other arguments presented by the State on the same issue.

The judgment of the Superior Court is reversed and the cause is remanded for reinstatement of the guilty verdict.

GREEN, C.J., and THOMPSON, J., concur.

Review denied by Supreme Court May 24, 1985.