[No. 55142-6-I.    Division One.    November 14, 2005.]

THE STATE OF WASHINGTON, *Respondent*, v. WALTER ROCKL, *Appellant.*

*Eric J. Nielsen* (of *Nielsen, Broman & Koch, P.L.L.C.*), for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Scott F. Leist, Deputy*, for respondent.

¶1 PER CURIAM — Walter Rockl appeals his conviction of one count of possessing stolen property in the first degree and one count of attempting to elude a pursuing police vehicle. He argues that the trial court erred in denying his motion to change venue because under CrR 5.1(c) he had a right to do so. But CrR 5.1(c) applies only when a case is filed in a county and there is a reasonable doubt about whether the crime actually occurred there. Because it was clear that this crime occurred in King County, we agree with the trial court's ruling.

¶2 In a statement of additional grounds, Rockl also raises an ineffectiveness of counsel claim. He asserts that

his attorney failed to conduct a reasonable investigation, to move to suppress or object to the testimony of one of the State's key witnesses, and to consider potentially exculpatory evidence. After examining his claims, we conclude they are without merit and affirm his conviction.

## FACTS

¶3 On June 1, 2004, King County Police Detective Steve Johnson received information about a stolen large white Ford tire service truck. Detective Johnson suspected that Walter Rockl was involved in the theft and went to an apartment complex Rockl frequented in the 35700 block of Sixteenth Avenue South in King County. Detectives found the stolen truck in the complex parking lot and set up surveillance in case the thief returned. At around 5:00 P.M., Rockl got into the truck and started to drive away. When marked police cars pulled in behind the truck with their lights activated, Rockl led police on a chase through King County and into Pierce County. Police eventually gave up their pursuit because Rockl was driving so recklessly. Police later recovered the abandoned truck a few blocks south of the Auburn Super Store in Algona. On June 4, Detectives arrested Rockl in Sea-Tac. Both Algona and Sea-Tac are cities in King County.

¶4 On June 8, the King County Prosecutor charged Walter Rockl with first degree possession of stolen property (Count I) and attempting to elude a police vehicle (Count II). During his arraignment, he objected to venue in King County and moved under CrR 5.1(c) to change venue to Pierce County, arguing that he had engaged in alleged criminal conduct in both King and Pierce Counties. The parties agreed to reserve the motion for the trial judge. At the August 16 pretrial hearing, defense counsel stated "[w]e'll acknowledge there's sufficient evidence to show . . . some events occurred in both counties." The court denied the motion to change venue. A jury convicted Rockl as charged.

## DISCUSSION

### CrR 5.1

¶5 First, Rockl argues that he had a right to change venue when he made a timely motion under CrR 5.1(c) because both possession of the stolen truck and the attempt to elude pursuing police vehicles occurred in King and Pierce Counties.[1] He concedes that the State properly charged him in King County, but because he also committed acts that are elements of the offense in Pierce County, he asserts that trial court improperly denied his motion. He also argues that the trial court was incorrect when it based its ruling on *State v. Howell*.[2] He argues that *Howell* does not control the result because it does not directly address CrR 5.1(b) or (c), but rather it interprets CrR 5.1(a)(2). The State counters that under the plain language of the statute, the defendant's right to change venue arises under CrR 5.1(b) and (c) only when a case is filed in one county but there is a "reasonable doubt" about whether the crime actually occurred there. We agree.

¶6 Under the Washington Constitution, criminal defendants have the right to a speedy and public trial by an impartial jury "of the county in which the offense is charged to have been committed."[3] Accordingly, CrR 5.1(a) states that all criminal actions shall be brought either in the

---

[1] **RULE 5.1 COMMENCEMENT OF ACTIONS**

(a) **Where Commenced**. All actions shall be commenced:

(1) In the county where the offense was committed;

(2) In any county wherein an element of the offense was committed or occurred.

(b) **Two or More Counties**. When there is reasonable doubt whether an offense has been committed in one of two or more counties, the action may be commenced in any such county.

(c) **Right to Change**. When a case is filed pursuant to section (b) of this rule, the defendant shall have the right to change venue to any other county in which the offense may have been committed. Any objection to venue must be made as soon after the initial pleading is filed as the defendant has knowledge upon which to make it.

[2] 40 Wn. App. 49, 696 P.2d 1253, *review denied*, 103 Wn.2d 1039 (1985).

[3] WASH. CONST. art. I, § 22.

county where the offense was alleged to have been committed or in any county "wherein an element of the offense was committed or occurred."[4] Proper venue is not an element of a crime. Rather, it is a constitutional right that is waived if not asserted in a timely fashion.[5] A decision denying a change of venue will be disturbed only for an abuse of discretion.[6] However, statutory interpretation is a question of law that we review de novo.[7]

¶7 We have found no case, and Rockl does not cite one, which specifically addresses whether the right to change venue under CrR 5.1(c) extends to cases where there is no doubt about whether the acts constituting the elements of an offense occurred in one of two or more counties. While we recognize that Rockl did not waive his challenge to venue because he made his motion in a timely manner, the cases which address waiver in the context of CrR 5.1(b) and (c) are instructive on the issue Rockl has raised.

¶8 In *State v. Harris*, the trial court did not include the venue of the charged crime in the to convict instruction.[8] Harris challenged the instruction, arguing that it relieved the State of its burden of proving where the crimes occurred.[9] At a pretrial hearing, Harris had heard that the offense might have happened in King County.[10] This testimony created a reasonable doubt about where the crime was committed. The court held that under CrR 5.1(b),

---

[4] CrR 5.1(a)(2).

[5] *State v. Dent*, 123 Wn.2d 467, 479, 869 P.2d 392 (1994).

[6] *State v. Olds*, 39 Wn.2d 258, 235 P.2d 165 (1951); *State v. Ryan*, 192 Wash. 160, 73 P.2d 735 (1937).

[7] *State v. J.P.*, 149 Wn.2d 444, 449, 69 P.3d 318 (2003) (citing *State v. Schultz*, 146 Wn.2d 540, 544, 48 P.3d 301 (2002)).

[8] 48 Wn. App. 279, 280-83, 738 P.2d 1059, *review denied*, 108 Wn.2d 1036 (1987).

[9] *Id.* at 282.

[10] *Id.*

Harris' failure to object once he knew about the testimony waived both his proper venue and proof of venue challenges.[11]

¶9 In those cases where a crime clearly occurred in more than one county, change of venue motions that were not based on prejudice were dismissed under CrR 5.1(a) on the ground that venue was proper in either county where the defendant's criminal acts, or some of them, took place. For example, in *State v. Howell*, this court reinstated the verdict, reversing the trial court's order arresting judgment and dismissing charges for improper venue, because the charges involved a series of events that occurred in three different counties.[12]

¶10 *Dent*,[13] *Harris*, and *Howell* are helpful because they indicate that section (a) applies under different circumstances from sections (b) and (c). Under the plain language of the statute, CrR 5.1(c) applies only if under section (b), "there is reasonable doubt whether an offense has been committed in one of two or more counties . . . ."[14]

¶11 Rockl argues that *Howell* is inapplicable because it did not address CrR 5.1(b) or (c). We disagree. Here, as in *Howell*, Rockl committed his offenses in more than one county, either of which could charge him. As in *Howell*, Rockl's objection to venue was not premised on a reasonable doubt about whether an offense had been committed in one of two or more counties. The affidavit of probable cause and the trial testimony establish that Rockl's criminal acts occurred in both King and Pierce Counties, and he concedes that venue was proper in both King and Pierce Counties. Section (b) does not apply because there was no "reasonable doubt whether an offense [had] been committed in one of

---

[11] *Id.* at 283; *see also Dent*, 123 Wn.2d at 479, 480 (commenting that different waiver rules might apply under CrR 5.1 (b) and (c) in "the situation where there is reasonable doubt whether the offense has been committed in one of two or more counties").

[12] *Howell*, 40 Wn. App. at 53.

[13] *State v. Dent*, 123 Wn.2d 467, 869 P.2d 392 (1994).

[14] CrR 5.1(b).

two or more counties," so section (c) does not give him to a right to change venue.[15]

*Ineffective Assistance of Counsel*

¶12 Rockl also asserts a violation of his Sixth Amendment right to effective assistance of counsel. He contends his attorney failed to conduct a reasonable investigation, present exculpatory evidence, and effectively cross-examine the State's key witness.

¶13 The sixth amendment to the United States Constitution and article I, section 22 of the Washington Constitution guarantee criminal defendants the right to the assistance of counsel.[16] That assistance must be effective to ensure a fair and impartial trial.[17] The two-prong test set out by the United States Supreme Court in *Strickland v. Washington* requires that a defendant prove both that his attorney's representation was deficient and that the deficiency prejudiced his defense.[18] Under the first prong, the defendant must show that counsel made errors so serious that counsel failed to function as guaranteed by the Sixth Amendment.[19] "[S]crutiny of counsel's performance is highly deferential and courts will indulge in a strong presumption of reasonableness."[20] Trial conduct that can be characterized as legitimate trial strategy or tactics cannot form the basis for a claim of ineffective assistance of counsel.[21] Under the second prong, the defendant must

---

[15] *Id.*

[16] U.S. CONST. amend. VI; WASH. CONST. art. I, § 22.

[17] *State v. Thomas*, 109 Wn.2d 222, 225, 743 P.2d 816 (1987); *see also State v. Osborne*, 102 Wn.2d 87, 99, 684 P.2d 683 (1984); *State v. Ermert*, 94 Wn.2d 839, 849, 621 P.2d 121 (1980).

[18] *Thomas*, 109 Wn.2d at 225-26 (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)).

[19] *Id.*

[20] *Id.* at 226.

[21] *State v. McNeal*, 145 Wn.2d 352, 362, 37 P.3d 280 (2002) (citing *State v. Adams*, 91 Wn.2d 86, 90, 586 P.2d 1168 (1978)).

show that counsel's errors were so serious that they deprived him of a fair trial and the outcome is unreliable.[22]

¶14 First, Rockl argues that his attorney failed to call material witnesses on his behalf. Because he was in custody he could not conduct his own investigation and counsel should have served summonses on his witnesses to obtain their testimony. According to the trial record, Rockl's counsel notified the court at the pretrial hearing that the alibi witnesses had not come forward. He said he had tried to work with Rockl to get their cooperation but had gotten only one name from Rockl. Counsel also told the court he wanted a continuance to find missing witnesses, but Rockl would not agree and wanted to proceed even without them. Under these circumstances, counsel did not fail to conduct a reasonable investigation.

¶15 Second, Rockl contends he asked counsel to bring a motion to suppress or object to the hearsay testimony of a "hostile witness," identified as an officer "traveling at a high rate of speed," which was the "only piece of evidence that actually tied [him] to the vehicle in question." Rockl does not identify which testifying officer he is referring to or cite to the record. We have reviewed the testimony of Detectives Johnson and Speight, and Deputies Bridgmen and Anderson and do not find the testimony to which he is referring. The record does not support this contention.

¶16 Third, Rockl asserts that counsel failed to bring to the jury's attention the "total lack of fingerprint ev[i]dence or any other physical evidence found in the vehicle [ ] which would of [sic] tied [him] to it." According to trial transcripts, counsel raised the issue of fingerprints during cross-examination of Deputy Anderson and also brought to the jury's attention the lack of fingerprint evidence in his closing argument. These arguments are without merit. We affirm.

---

[22] *Strickland*, 466 U.S. at 687.