FILED
COURT OF APPEALS
DIVISION II

2015 MAY -5 AM 9: 26

STATE OF WASHINGTON

NO. 44836-0-II

BY_____
DEPUTY

**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| STATE OF WASHINGTON, | |
| Respondent, | UNPUBLISHED OPINION |
| v. | |
| ALIX HARRIS, | |
| Appellant. | |

BJORGEN, A.C.J. — Following a bench trial, the trial court entered verdicts finding Alix Harris guilty of possession of a stolen firearm and first degree unlawful possession of a firearm.[1] Harris appeals his convictions, asserting that the trial court erred (1) by denying his motion to change venue from Pierce County to King County, and (2) by admitting his confessions as evidence absent independent proof of his crimes, contrary to the corpus delicti rule. Additionally, Harris contends that absent his confessions, the State failed to present sufficient evidence to support his convictions. We affirm.

## FACTS

On December 17, 2011, police officers responded to a report of an alarm going off at a Fife sporting goods store. When the officers arrived at the store, they found that a number of firearms had been stolen, including 39 handguns and 2 rifles. A police investigation revealed that Soeun Sun, Joseph Soeung, and David Bunta participated in the burglary.

---

[1] The trial court also found Harris not guilty of first degree trafficking in stolen property and not guilty of conspiracy to commit first degree trafficking in stolen property.

In March 2012, the East Wenatchee police informed Fife Police Detective Jeff Nolta that it had recovered one of the firearms stolen in Fife from a vehicle used in a robbery in East Wenatchee. In an interview, the East Wenatchee robbery suspects told Nolta that they were in Harris's home when several Asian men brought in a large duffel bag full of stolen guns to sell.

On April 12, police arrested Harris and transported him to the Fife police station, where he was later interrogated. During the interrogation, Harris stated that Sun,[2] Soeung, and Bunta brought approximately 30 handguns to his West Seattle house that the men wanted to sell. Harris acknowledged that he knew the guns were stolen based on the circumstances. Harris also admitted that Sun sold some of the stolen guns from his home, but denied that he had participated in any of those transactions. Harris did admit, though, that he gave a bag of guns to someone as a favor to Sun.

On April 13, the State charged Harris in Pierce County Superior Court with first degree trafficking in stolen property, possession of a stolen firearm, and first degree unlawful possession of a firearm. On May 22, Harris filed a motion to change venue to King County, asserting that none of his alleged crimes had been committed in Pierce County. At a July 10 hearing on Harris's motion to change venue, the State told the trial court that it intended to file an amended information charging Harris with conspiracy to commit trafficking in stolen property based on alleged telephone communications shortly after the sporting goods store burglary between Harris and the burglary suspects in Pierce County. The State also alleged that after this phone call, the burglars proceeded to King County to sell the weapons. The trial court denied Harris's motion to change venue, stating:

---

[2] Harris referred to Sun by the nickname "Maap." Ex. 3; Report of Proceedings (RP) (Apr. 5, 2013) at 106.

The Court is going to deny the motion to change venue based upon the Original Information, and also based upon the State's indication that it is seeking to file an Amended Information to add Conspiracy to Commit Trafficking in Stolen Property based upon additional evidence that has come to light that would indicate there were phone calls that were made from Pierce County from the ones that are suspected or alleged to have been involved in the actual burglary to these defendants[3] in King County.

There are clearly elements of the offenses of trafficking in stolen property and also conspiracy to commit trafficking in stolen property that took place in Pierce County that would give Pierce County venue. The Court is going to deny the motion to change venue.

Report of Proceedings (RP) (July 10, 2012) at 14-15.

The State later amended its charges against Harris to add one count of conspiracy to commit first degree trafficking in stolen property. On March 28, 2013, the trial court held a CrR 3.5 hearing to determine the admissibility of Harris's statements to police, at which hearing Detective Nolta testified consistently with the above facts. Harris did not raise any corpus delicti issues during the CrR 3.5 hearing, and the trial court ruled that Harris's statements were admissible at trial.

Harris waived his right to a jury trial, electing to proceed with a bench trial. Harris stipulated that he had been convicted of a serious felony offense making it unlawful for him to have possessed firearms during the State's charging period. He also stipulated that Sun, Soeung, and Bunta had committed the December 17, 2011 burglary of the Fife sporting goods store and that they had stolen 39 fully operable handguns and 2 fully operable rifles from the store. Finally, Harris agreed that the trial court could consider Detective Nolta's CrR 3.5 testimony as a trial exhibit in lieu of live testimony.

---

[3] Harris had originally been set to be tried with a codefendant, Andrew Stearman, but their cases were later severed.

3

At trial, the State played a video recording of Harris's police interrogation, after which the State rested. Harris did not file any motion to dismiss at that time and subsequently rested without calling any witnesses.

Three days letter, Harris moved to dismiss his charges, asserting that venue was not proper in Pierce County. Harris also asserted for the first time in his motion to dismiss that the State had failed to establish corpus delicti by evidence independent of Harris's statements. The trial court denied Harris's motion to dismiss, after which the State and defense counsel presented their closing arguments. The trial court found Harris not guilty of first degree trafficking in stolen property and conspiracy to commit first degree trafficking in stolen property and found Harris guilty of possession of a stolen firearm and first degree unlawful possession of a firearm. Harris appeals his convictions.

## ANALYSIS

### I. VENUE

Harris first contends that the trial court erred by denying his pretrial motion to change venue to King County. We disagree.

Article I, section 22 of our state constitution provides that criminal defendants have the right "to . . . a speedy public trial . . . [in] the county in which the offense is charged to have been committed." WASH. CONST. art. I, § 22. The court rule governing the proper venue for the commencement of criminal actions, CrR 5.1, provides:

> (a) Where Commenced. All actions shall be commenced:
> (1) In the county where the offense was committed;
> (2) In any county wherein an element of the offense was committed or occurred.
> (b) Two or More Counties. When there is reasonable doubt whether an offense has been committed in one of two or more counties, the action may be commenced in any such county.

4

(c) Right to Change. When a case is filed pursuant to section (b) of this rule, the defendant shall have the right to change venue to any other county in which the offense may have been committed. Any objection to venue must be made as soon after the initial pleading is filed as the defendant has knowledge upon which to make it.

"Proper venue is not an element of a crime. Rather, it is a constitutional right that is waived if not asserted in a timely fashion." *State v. Rockl*, 130 Wn. App. 293, 297, 122 P.3d 759 (2005) (citing *State v. Dent*, 123 Wn.2d 467, 479, 869 P.2d 392 (1994)). We review a trial court's decision on a motion to change venue for an abuse of discretion. *Rockl*, 130 Wn. App. at 297. A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds or reasons. *State v. Powell*, 126 Wn.2d 244, 258, 893 P.2d 615 (1995).

A.    The State's Claim of Waiver Before Trial

In response to Harris's claim of improper venue, the State first asserts that Harris waived any contention with venue in Pierce County by failing to timely raise an objection before trial. We disagree.

CrR 5.1(c) provides that "[a]ny objection to venue must be made as soon after the initial pleading is filed as the defendant has knowledge upon which to make it." The parties have not cited, and we have not located, any appellate court decision squarely addressing the scope of a timely venue challenge under this language. However, cases addressing the timeliness requirement of a venue challenge in general are instructive.

In *State v. McCorkell*, 63 Wn. App. 798, 801, 822 P.2d 795 (1992), Division One of our court held that "a criminal defendant waives any challenge to venue by failing to present it by the time jeopardy attaches." In *Dent*, 123 Wn.2d at 480, our Supreme Court agreed with the *McCorkell* holding as a general principle, but clarified that the timeliness of a venue challenge depends on the particular facts of the case. Specifically, the court explained that

5

[CrR 5.1(b)] provides for the situation where there is reasonable doubt whether the offense has been committed in one of two or more counties. The right of a defendant to change to the other county is strictly time limited. CrR 5.1(c).

Absent facts which require application of CrR 5.1, the defendant is required to raise the venue question at the omnibus hearing. CrR 4.5 is specific: "Failure to raise or give notice at the hearing of any error or issue of which the party concerned has knowledge may constitute waiver of such error or issue." CrR 4.5(d). There is no reason why this principle should not apply to a challenge to venue. Unless the defendant makes a showing of good cause for not raising the issue at the omnibus hearing, failure to do so constitutes a waiver. Although the record does not reflect whether the venue issue was raised at the omnibus hearing, at least as to Dent, waiver probably did not occur here because of Dent's pretrial motions for a change of venue to King County.

*Dent*, 123 Wn.2d at 480.

Although the *Dent* court did not specifically hold that a motion for change of venue is timely if raised on or before the omnibus hearing, its discussion of CrR 5.1 and CrR 4.5 suggests that, in general, such a motion would be timely. The language of CrR 5.1(c) and CrR 4.5(b), when read in conjunction, also supports the general principle that a change of venue motion is timely if filed on or before the omnibus hearing. CrR 4.5(b) provides that the "time set for the omnibus hearing shall allow sufficient time for counsel to (i) initiate and complete discovery; (ii) conduct further investigation of the case, as needed; and (iii) continue plea discussions." Because CrR 4.5(b) contemplates a time period for setting the omnibus hearing sufficient to allow counsel to investigate the case, it follows that this time period includes the reasonable time required for a defendant to obtain the "knowledge upon which to make [an objection to venue]." CrR 5.1(c).

Here, Harris filed his motion for change of venue on May 22, 2012, less than one month after his counsel filed a notice of appearance and on the same date that his omnibus hearing had originally been scheduled. Under these circumstances, we hold that Harris's objection to venue

6

in Pierce County was timely raised under CrR 5.1(c). Accordingly, we turn to the merits of Harris's improper venue claim.

B.     Harris's Right To Change Venue

CrR 5.1(b) and (c) provide criminal defendants with the "right to change venue to any other county in which the offense may have been committed" when "there is reasonable doubt whether an offense has been committed in one of two or more counties." A defendant's right to a change of venue under CrR 5.1(c) does not apply when it is clear that at least one element of the charged crime was committed in the county in which the criminal prosecution was commenced. CrR 5.1(a), (c). The right to a change of venue under CrR 5.1(c) also does not apply where it is clear that the defendant committed his charged offenses in more than one county. *Rockl*, 130 Wn. App. at 296. Put another way, "the defendant's right to change venue arises under CrR 5.1(b) and (c) *only* when a case is filed in one county but there is a 'reasonable doubt' about whether the crime actually occurred there." *Rockl*, 130 Wn. App. at 296 (emphasis added).

1. Pretrial Motion to Change Venue

We hold that the trial court did not abuse its discretion by denying Harris's pretrial change of venue motion, because the State presented an offer of proof tending to show that at least one element of Harris's conspiracy to commit trafficking in stolen property charge took place in Pierce County.

At the pretrial hearing on Harris's motion to change venue to King County, the State asserted that it had obtained evidence that the burglary suspects telephoned Harris from Pierce County shortly after the sporting goods store robbery and before transporting the firearms to

Harris's West Seattle home. The trial court relied in part on the State's verbal offer of proof in denying Harris's change of venue motion.

Although no Washington case establishes the procedure that trial courts are to employ when ruling on a pretrial CrR 5.1 motion to change venue, neither party disputes that a trial court may rely on an offer of proof in making its pretrial venue determination. Further, prior cases have held that an offer of proof is sufficient to resolve preliminary matters in other similar contexts. *See, e.g., State v. Kilgore*, 147 Wn.2d 288, 295, 53 P.3d 974 (2002) (When ruling on a motion to exclude evidence under ER 404(b), a trial court may rely on State's offer of proof to establish the fact of misconduct by a preponderance of the evidence.); *State v. Mee*, 168 Wn. App. 144, 154-55, 275 P.3d 1192 (2012) (same). Accordingly, we hold that the trial court properly relied on the State's offer of proof to determine whether to grant Harris's pretrial motion to change venue.[4]

With that, we turn to the heart of the issue: whether the State's verbal offer of proof was sufficient at the pretrial stage to establish that Harris committed at least one element of conspiracy to commit first degree trafficking in stolen property in Pierce County. In a conspiracy charge, proper venue lies in "any county where an overt act in furtherance of the conspiracy took place." *Dent*, 123 Wn.2d at 481. RCW 9A.28.040 provides,

> A person is guilty of criminal conspiracy when, with intent that conduct constituting a crime be performed, he or she agrees with one or more persons to engage in or cause the performance of such conduct, and any one of them takes a substantial step in pursuance of such agreement.

---

[4] This holding is consistent with our published opinion in the appeal of Harris's former codefendant Andrew Stearman, who also challenged the trial court's denial of his motion to change venue. *See State v. Stearman*, No. 44884-0-II, 2015 WL 1825907 (Wash. Ct. App. Apr. 21, 2015).

Here, the State's offer of proof asserted that the State had circumstantial evidence that Harris formed his agreement to traffic in stolen property with a person who was then in Pierce County. The State also alleged that the person then in Pierce County drove to King County to sell the guns. Whether we view the telephone call to Harris from Pierce County or the co-conspirators' subsequent drive from Pierce to King County, these constitute overt acts in furtherance of a conspiracy to commit trafficking in stolen property. Because the overt acts took place in both Pierce and King County, the trial court did not abuse its discretion by denying Harris's pretrial change of venue motion. CrR 5.1(a), (c); *Rockl*, 130 Wn. App. at 296.[5]

2. Motion to Dismiss After Trial

On April 4, 2013, after both sides had rested at trial, Harris moved to dismiss the charges based on the State's failure to present evidence establishing that venue was proper in Pierce County. To the extent that Harris assigns error to the trial court's denial of this motion, we hold that Harris did not timely present it at the close of the State's case as required in *Dent*. 123 Wn.2d 480.

In *Dent*, 123 Wn.2d at 480, our Supreme Court held that, where the evidence at trial raises a question regarding proper venue, "the defendant must raise the issue at the end of the State's case." The *Dent* court imposed this requirement to allow the State to reopen its case so it may present evidence establishing venue, unless the defendant can show that he would be actually prejudiced thereby. *See* 123 Wn.2d at 480. By waiting until both the State and the

---

[5] The trial court also ruled that there was no reasonable doubt that the acts underlying the possession of stolen firearm count occurred in Pierce County. In using this as a basis for venue, the trial court misapplied the law. The elements of possession of a stolen firearm are possessing, carrying, delivering, selling, or being in control of a stolen firearm. RCW 9A.56.310(1). The State had not alleged that Harris possessed any of the stolen firearms in Pierce County. Thus, the location of the theft of the firearms in Pierce County is not a basis for venue in Pierce County on the possession charge.

defense had rested before raising the venue issue to the trial court, Harris failed this requirement and waived his contention with the State's evidence establishing venue. Thus, we affirm the trial court's denial of his motion to dismiss.[6] With this result, we need not reach whether the State's failure to support its offer of proof with evidence at trial jeopardized venue in Pierce County.

## II. CORPUS DELICTI

Next, Harris contends that the trial court erred under the corpus delicti rule by admitting his confessions as evidence, absent independent proof of his crimes. We disagree.

The corpus delicti rule is a judicially created rule of evidence that sets forth the standard for laying a proper foundation before admitting a criminal defendant's confession as evidence at trial. *State v. C.D.W.*, 76 Wn. App. 761, 763, 887 P.2d 911 (1995). The underlying premise of the rule is that, standing alone, an accused's statements are insufficient to support an inference that a charged crime was committed. *State v. Aten*, 130 Wn.2d 640, 656, 927 P.2d 210 (1996); *State v. Ray*, 130 Wn.2d 673, 679, 926 P.2d 904 (1996). Because the corpus delicti rule is a rule of evidence, the failure to comply with this rule is a nonconstitutional error that must be properly objected to in the trial court to preserve the issue for appeal. *C.D.W.*, 76 Wn. App. at 763-64. We hold that Harris did not preserve his corpus delicti claim, because he failed to object to the admission of his confessions on this ground until after the State and defense had rested their case.

Whether a defendant waives a corpus delicti challenge by failing to raise the claim until after both parties rest their case, but before the entry of verdicts, appears to be an issue of first impression. Washington cases have held that a defendant properly preserves a corpus delicti

---

[6] This case is thus distinguishable from *Stearman*, where the defendant renewed his change of venue motion at the close of the State's case. *Stearman*, No. 44884-0-II, 2015 WL 1825907 (Wash. Ct. App. Apr. 21, 2015).

challenge if the defendant raises an objection at any time before both sides have rested their case. For example, in *State v. Pietrzak*, 110 Wn. App. 670, 679-80, 41 P.3d 1240 (2002), Division Three of our court rejected the State's argument that the defendant had waived any corpus delicti claim by objecting only after the State had rested its case but during the defense's case. In rejecting the State's waiver argument, the *Pietrzak* court reasoned that, when the defendant raised his objection part way through his case, the State still had the opportunity to present rebuttal evidence establishing corpus delicti by evidence independent of the defendant's confessions. 110 Wn. App. at 680. In *State v. McConville*, 122 Wn. App. 640, 649, 94 P.3d 401 (2004), Division One of our court similarly rejected the State's argument that the defendant had waived a corpus delicti challenge by failing to raise an objection until the State rested its case, stating, "[A] defendant who has initially stipulated that his confession may be admitted does not waive his right to challenge its admission based on the corpus delicti rule *if he raises the challenge in the trial court before both sides have rested.*" (Emphasis added.)

Because Harris did not raise his corpus delicti claim until after both sides rested, unlike the defendants in *Pietrzak* and *McConville*, the State did not have an opportunity to present rebuttal evidence establishing corpus delicti by independent evidence. We therefore hold that Harris's objection came too late to preserve the issue for appeal.

Further, even assuming that Harris properly preserved his corpus delicti challenge, that challenge fails on the merits. In determining whether there is sufficient independent evidence under the corpus delicti rule, we review the evidence in the light most favorable to the State. *Aten*, 130 Wn.2d at 658. The independent evidence does not need to be sufficient to support a conviction, but must provide prima facie corroboration of the crime described in a defendant's incriminating statement. *Aten*, 130 Wn.2d at 656. Prima facie corroboration of a defendant's

11

incriminating statement exists if the independent evidence provided by the State supports a "logical and reasonable inference" of the facts the State seeks to prove. *State v. Vangerpen*, 125 Wn.2d 782, 796, 888 P.2d 1177 (1995).

Here, Harris stipulated that the trial court could consider Detective Nolta's CrR 3.5 hearing testimony as substantive evidence at trial. At the CrR 3.5 hearing, Detective Nolta testified that the East Wenatchee robbery suspects had obtained one of the guns stolen from the Fife sporting goods store, had identified Harris, and had stated they were in Harris's home when the Fife burglary suspects brought firearms into Harris's home to sell. This evidence is independent of Harris's confessions and supplies prima facie corroboration of his alleged crimes. Although Detective Nolta's testimony establishing corpus delicti by independent evidence constituted hearsay evidence, Harris did not object to the trial court's consideration of the testimony on this basis and cannot do so now for the first time on appeal. *See State v. Myers*, 133 Wn.2d 26, 34, 941 P.2d 1102 (1997) ("Evidence admitted without objection may be properly considered."). Accordingly, even if Harris properly preserved his corpus delicti challenge, the State established corpus delicti by evidence independent of his confessions.

### III. SUFFICIENCY OF THE EVIDENCE

Finally, Harris contends that sufficient evidence did not support his first degree unlawful possession of a firearm and possession of a stolen firearm convictions. However, Harris's sufficiency challenge assumes that the trial court improperly considered his confessions absent independent evidence establishing corpus delicti. Because we have rejected Harris's corpus delicti claim, his sufficiency challenge fails.

We affirm Harris's convictions.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Bjorgen, A.C.J.

We concur:

Maxa, J.

Melnick, J.