FILED
COURT OF APPEALS DIV I
STATE OF WASH

2018 JAN 16 AM 6: 53



# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| THE STATE OF WASHINGTON, ) | No. 75298-7-I |
| ) | |
| Respondent, ) | DIVISION ONE |
| ) | |
| v. ) | UNPUBLISHED OPINION |
| ) | |
| KEVIN MARK HIMPLE, ) | |
| ) | FILED: January 16, 2018 |
| Appellant. ) | |

APPELWICK, J. — Himple was convicted of first degree rape of a child in King County. He argues that the trial court abused its discretion when it convicted him for an act that allegedly occurred in Snohomish County. We affirm.

## FACTS

Kevin Himple lived with his then wife and her son and daughter, V.E., at the Lazy Wheels Mobile Home Park in Bothell, King County, Washington. V.E. was five or six years old when her mother and Himple's relationship began.

Himple took care of V.E. while her mother was at work. Himple helped V.E. with baths. While her mother was at work, V.E. testified that Himple would kiss her in a "normal family" way, but then started kissing her with his tongue. She stated that after she got home from school, when she was alone in the home with him, Himple would remove both of their clothing. Himple then orally raped her, had her perform oral sex on him, watched pornography, and masturbated in front of her. V.E. stated that this happened "too many times to count." V.E. also testified

that one time Himple attempted to have vaginal intercourse with her. The one incident that did not happen at the Lazy Wheels Mobile Home Park occurred after Himple and V.E.'s mother separated. It happened at Himple's mother's house in Snohomish County. On that occasion, Himple had her perform oral sex on him.

On January 13, 2011, the State charged Himple in King County with three counts of first degree rape of a child – domestic violence, for acts occurring between August 30, 2004 and March 31, 2006. On October 5, 2015, Himple waived his right to a jury trial. On the same day, the State amended the charges to two counts of first degree rape of a child, and one count of first degree child molestation. The State also extended the charging period for the incidents through September 30, 2006.

Himple did not object to the amended information. Himple informed the trial court that he had no intention of objecting, as long as the conduct the State was alleging during the extended time period occurred at Himple's mother's house in Snohomish. The court allowed the amended information, and moved forward with the trial.

At the close of the State's evidence, Himple moved to dismiss all three counts. He stated that, under the law of the case doctrine, the State was required to prove that all the acts had occurred in King County, as it had alleged that in its information. He argued that the State had not given evidence that specified that the alleged acts for counts one and two happened in King County. He also argued that there was testimony that the act underlying count three happened in

2

Snohomish County, and not King County. He stated that he was not raising the issue of venue:

> And I'm carefully distinguishing this from venue. Venue is a separate issue and one that I would have had to have raised far earlier than this.

The court denied Himple's motion, stating that the law of the case doctrine does not apply in bench trials.

After the parties rested, the court found credible V.E.'s testimony about the first time Himple had sexual contact with her. But, the court found that it occurred between 2002 and 2003, prior to the charging period. The court found credible V.E.'s testimony about Himple's attempt to have vaginal intercourse with her. But, because it found that the incident might or might not have occurred during the charged period, the State had failed to prove beyond a reasonable doubt that Himple had committed first degree rape of a child for this incident. The court found credible V.E.'s testimony about the incident that happened at Himple's mother's house in Snohomish County. The court found that the State had proven beyond a reasonable doubt that this incident occurred between August 30, 2004 and September 30, 2006. Himple was convicted of one count of first degree rape of a child.

Himple then moved for a new trial. He argued that venue was improper. He contended that when the State amended the charges it included an allegation that occurred in Snohomish County, but it did not indicate that the alleged act occurred in Snohomish County rather than King County. Himple also argued that

he did not voluntarily and intelligently waive his constitutional right to be tried in Snohomish County for the act that allegedly occurred in Snohomish County.

The trial court denied Himple's motion for a new trial:

> So regarding Mr. Himple's motion for a new trial, I do find that the state properly charged Mr. Himple in King County pursuant to CrR 5.1(b). Mr. Himple clearly failed to object to improper venue in a timely fashion or in any fashion and thereby he waived his constitutional right to venue.
>
> . . .
>
> Third, there's no case law or law to support the proposition that the right to waive requires an affirmative acknowledgment or express waiver by the defendant or some kind of colloquy or the court actually wading into what I think is clearly attorney-client matters and strategy. So with that said, I make a finding that the right to waive venue is procedural and/or tactical and does not require an affirmative acknowledgment or express waiver.

The court sentenced Himple to an indeterminate term of imprisonment of 123 months to life. Himple appeals.

## DISCUSSION

Himple argues that his conviction for a crime that allegedly occurred in Snohomish County violated his rights under article I, section 22 of the Washington State Constitution. He contends that the trial court should have granted his motion to dismiss count three at the close of the State's case, because no evidence was presented that the crime occurred in King County. He also contends that the trial court should have granted his motion for a new trial. Alternatively, Himple argues that his counsel was ineffective for failing to properly raise and argue venue.

4

I. Venue

Article I, section 22 of the Washington Constitution provides that: "[i]n criminal prosecutions the accused shall have the right . . . to have a speedy public trial by an impartial jury of the county in which the offense is charged to have been committed." WASH. CONST. art. I, § 22. Additionally, CrR 5.1 governs the proper venue for the commencement of criminal actions. CrR 5.1(a) provides that an action shall be commenced either: "(1) In the county where the offense was committed;" or "(2) In any county wherein an element of the offense was committed or occurred." And, where there is reasonable doubt whether an offense has been committed in one of two or more counties, the action may be commenced in any of the relevant counties. CrR 5.1(b). Further, CrR 5.1(c) provides that if a case is filed under CrR 5.1(b) and there is reasonable doubt about where the offense occurred, the defendant " 'shall have the right to change venue to any other county in which the offense may have been committed.' " State v. Stearman, 187 Wn. App. 257, 266, 348 P.3d 394 (2015). So, the defendant's right to change venue under CrR 5.1(b) and (c) arises only when a case is filed in one county but there is reasonable doubt as to whether the crime actually occurred there. Id.

Proper venue is not an element of the crime. State v. Rockl, 130 Wn. App. 293, 297, 122 P.3d 759 (2005). Rather, it is a constitutional right that is waived if not asserted in a timely fashion. Id. A decision denying a change of venue will be disturbed only for an abuse of discretion. Id. A trial court abuses its discretion

when its decision is manifestly unreasonable or based on untenable grounds or reasons. State v. Powell, 126 Wn.2d 244, 258, 893 P.2d 615 (1995).

A. Right to Change Venue

In Rockl, police saw the defendant drive a stolen truck in King County, after which he led police on a chase into Pierce County. 130 Wn. App. at 295. Rockl was charged in King County with first degree possession of stolen property and attempting to elude a police vehicle. Id. During his arraignment, Rockl moved under CrR 5.1(c) to change venue to Pierce County, arguing that his alleged criminal conduct occurred in both King and Pierce Counties. Id. The trial court denied the motion. Id. On appeal, this court noted that in cases where a crime clearly occurred in more than one county, courts dismissed change of venue motions that were not based on prejudice under CrR 5.1(a), on the ground that venue was proper in either county where the defendant's criminal acts, or some of them, took place. 130 Wn. App. at 298. In that case, the court found that Rockl committed his offenses in more than one county, therefore either could charge him. Id. The affidavit of probable cause and the trial testimony established that Rockl's criminal acts occurred in both King and Pierce Counties. Id. Because there was no reasonable doubt whether an offense had been committed in one of two or more counties, therefore CrR 5.1(c) did not apply and did not give him a right to change venue. Id. at 298-99.

In State v. Price, the court found that the defendants knew prior to trial that the State's main witness on the three counts placed his actions in a different county from the one in which the Information charged. 94 Wn.2d 810, 816, 620 P.2d 994 (1980). Yet, defendants waited almost 3 months to raise the venue issue. Id. The court held that the defendants were required to object promptly to venue once they had received information indicating venue would lie in a different county. Id. Their long and unexplained failure to do so plainly violated the expeditious objection requirement of CrR 5.1(c). Id. It affirmed the trial court's ruling that any objection to venue had been waived by this delay. Id.

Here, the certification for determination of probable cause, filed with the information, alleged that Himple's criminal acts occurred in both King and Snohomish counties. The certification for determination of probable cause stated that V.E. "disclosed that she was molested by . . . Himple . . . from 2004-2006 when they lived at [address in Bothell, Washington], within King County." And, it stated, "V.E. also disclosed that Himple had done the same thing to her at his home in Snohomish." Therefore, venue was initially proper under CrR 5.1 and Rockl in both King and Snohomish counties for the three counts the State alleged Himple committed.

B. Waiver

The defendant may waive the right to challenge venue. State v. Dent, 123 Wn.2d 467, 479, 869 P.2d 392 (1994). In Dent, our Supreme Court held that under CrR 5.1(b), where there is reasonable doubt whether the offense has been

7

committed in one of two or more counties, the right of a defendant to change to the other county is strictly time limited. Id. at 480. Under CrR 5.1(c), in this scenario, any objection to venue must be made as soon after the initial pleading is filed as the defendant has knowledge upon which to make it. See Dent, 123 Wn2d at 480. Where CrR 5.1 does not apply, the defendant is required to raise the venue question at the omnibus hearing. Dent, 123 Wn.2d at 480. Unless the defendant makes a showing of good cause for not raising the issue at the omnibus hearing, failure to do so constitutes a waiver. Id. Where evidence introduced during the trial raises a question of venue for the first time, the defendant must raise the issue at the end of the State's case. Id.

Here, the State repeatedly presented Himple with information that the State was alleging acts that occurred in both King and Snohomish counties. First, the certification for determination of probable cause, regarding Himple's sexual acts, stated that the alleged acts occurred in both King and Snohomish counties. Himple did not object to venue after his formal arraignment on April 2, 2014. Prior to trial, the State informed Himple's counsel that it intended to amend the date range to include the alleged act that occurred at Himple's mother's house in Snohomish. During the pretrial hearing, the State moved to amend the charging period in the information. Himple did not object when the State moved to amend the information, and Himple noted that the State told him it was amending to include the act that occurred in Snohomish. Himple failed to object to venue, even though he was aware pretrial that the State was alleging acts that occurred in both King

and Snohomish counties. This constitutes a waiver of a venue objection. See Dent, 123 Wn.2d at 480.

Under Dent, if evidence at trial raises a question of venue for the first time, the defendant must raise the issue at the end of the State's case. Id. Not only was the close of the State's case not the first time Himple was made aware of a potential venue issue, counsel expressly chose not to object to venue, stating, "And I'm carefully distinguishing this from venue. Venue is a separate issue and one that I would have had to have raised far earlier than this." Instead he made a motion to dismiss.

Himple argues that the trial court abused its discretion in denying Himple's motion to dismiss count three, even though trial counsel did not properly object to venue. Himple contends that, because the issue was squarely before the trial court, and there was a genuine issue of fact about venue, the court should have addressed it. He relies on Stearman and State v. Quismundo, 164 Wn.2d 499, 192 P.3d 342 (2008).

In Stearman, prior to trial, the State gave an offer of proof that Stearman had committed at least some elements of his offenses in Pierce County, the county in which he was charged. 187 Wn. App. at 266-67. But, at trial, the State failed to produce evidence that any of Stearman's acts occurred in Pierce County. Id. at 269. Therefore, this court held that the trial court abused its discretion when it refused to consider Stearman's renewed motion to change venue at the close of the State's evidence. Id. at 269-70. It noted that an error regarding venue may be

harmless where any reasonable jury could find that venue was proper. Id. at 272. But, because the State did not provide any evidence that supported the venue where Stearman was tried, no reasonable jury could have found that Stearman committed his offenses in Pierce County by a preponderance standard. Id. at 273. Thus, the court found that the venue error was not harmless. Id.

This case differs from Stearman. In Stearman, venue emerged as an issue because of the evidence the State offered during the trial. See 187 Wn. App. at 269. Therefore, there was a later trigger point for Stearman to object to venue. See id. Stearman's objection was timely. See id. Here, Himple was aware that the State was alleging that criminal conduct had occurred in Snohomish County before the trial began and he did not timely object.

Himple argues that he did not waive his venue objection at the outset of trial because it was possible, based on the allegations in the amended information, for the court to have found that all three charged crimes occurred in King County. However, the issue is not of what the court might convict the defendant, but whether the defendant knows of a venue issue. See Dent, 123 Wn.2d at 480. Because Himple was aware the information alleged acts in Snohomish County, the general venue rule applies. He did not object and, therefore, he waived his objection.

In Quismundo, after the State rested its case, Quismundo moved to dismiss because the amended information lacked an essential element of the crime for which he was charged—that he had violated a no-contact order. Quismundo, 164

Wn.2d at 501. Our Supreme Court held that the trial court abused its discretion when it allowed the State to reopen its case and amend the insufficient charging information. Id. at 503-04. The court noted that it was immaterial that Quismundo went forward with his trial and that the trial court's obligation to follow the law remains the same regardless of the arguments raised by the parties. Id. at 505-06. The court held that the trial court should have dismissed the charges against Quismundo without prejudice once the insufficiency of the amended information was revealed, even though Quismundo erroneously requested the wrong remedy, dismissal with prejudice. Id. at 505-06.

The issue in Quismundo differs from a venue objection, which numerous courts have held the defendant waives if he himself does not timely raise. State v. McCorkell, 63 Wn. App. 798, 800, 822 P.2d 795 (1992); Dent, 123 Wn.2d at 480.

Himple argues that the trial court should have granted his motion for a new trial, because, as fact finder, it failed to carry out its duty in determining whether venue was proven by a preponderance of the evidence. But, venue is not an element of the crime. Rockl, 130 Wn. App. at 297. The information filed in Quismundo lacked an element of the crime, which made dismissal without prejudice the proper remedy. Here, dismissal would not have been proper. And, more importantly, Himple had already waived his objection to venue.

## II. Ineffective Assistance of Counsel

Alternatively, Himple asserts a violation of his constitutional right to effective assistance of counsel. He argues that if this court finds that an objection to venue

11

should have been raised at any time prior to the close of the State's case, we cannot characterize trial counsel's failure to do so as a legitimate trial strategy. Himple argues that since his conviction would not have occurred with proper objections and arguments on venue, he was prejudiced and deprived of effective representation.

The sixth amendment to the United States Constitution and article I, section 22 of the Washington Constitution guarantee criminal defendants the right to the assistance of counsel. That assistance must be effective to ensure a fair and impartial trial. Rockl, 130 Wn. App. at 299. We review de novo claims of ineffective assistance of counsel, which present mixed questions of law and fact. State v. Sutherby, 165 Wn.2d 870, 883, 204 P.3d 916 (2009).

To prevail, the defendant must show that (1) defense counsel's representation was deficient in that it fell below an objective standard of reasonableness and (2) the deficiency prejudiced the defendant. Id. Trial conduct that can be characterized as legitimate trial strategy or tactics cannot form the basis for a claim of ineffective assistance of counsel. Rockl, 130 Wn. App. at 299. There is a strong presumption that counsel's representation was effective. State v. McFarland, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995).

First, Himple argues that counsel should have objected when the State moved to amend the information the day of trial to include conduct that occurred in Snohomish County. Himple contends that had those facts not been presented, he would have been fully acquitted. However, Himple's counsel would not have

12

known when the State amended the information that it would not prevail on the other counts it alleged occurred in King County. Further, as the State argues, if Himple had successfully objected to venue regarding the Snohomish conduct, the State could have prosecuted him in Snohomish County for that single count whether or not he was acquitted on the King County charges. Therefore, counsel's decision to refrain from objecting could have been a trial tactic to avoid Himple facing two trials.

Second, Himple argues that both original counsel and counsel appointed for the posttrial motion for a new trial were deficient when they failed to argue that the trial court had a duty to determine whether venue was proper. However, Himple clearly waived his objection to venue when he failed to timely raise the issue. See Dent, 123 Wn.2d at 480. Once it was waived there was nothing for the trial court to address *sua sponte* or otherwise. See McCorkell, 63 Wn. App. at 800; Dent, 123 Wn.2d at 480. Thus, it was not ineffective assistance of counsel when counsel moved for a new trial based on improper venue, but did not argue that the trial court should have addressed venue on its own initiative.

We affirm.

_Appelwick, J_

WE CONCUR:

_Mann, J._

_Cox, J._